DITMARS, APPELLANT, *v.* DITMARS, APPELLEE.

(No. 83AP-960—Decided May 1, 1984.)

*Ms. Leda M. C. Hartwell,* for appellant.

*Mr. Daniel J. Igoe,* for appellee.

McCORMAC, P.J. The parties' divorce action came on for trial on June 27, 1983. On the second day of trial, the parties indicated that they had reached a settlement agreement and presented a memorandum of settlement signed by the parties and counsel. Proposed judgment entries were submitted to the court to reflect the settlement agreement prior to judgment being entered.

On September 9, 1983, plaintiff-appellant, Eve Ditmars, moved the court to grant her an opportunity to make certain corrections in the proposed judgment entry, which was the proposed entry submitted by defendant-appellee, Walter E. Ditmars, Jr. Prior to ruling upon that motion, the trial court entered judgment on September 23, 1983, finally disposing of all matters in litigation.

On September 29, 1983, the trial court issued a decision overruling the motion of plaintiff to amend the proposed judgment entry which had, at that time, been incorporated in the final judgment of the court, stating that the judgment entry submitted by defendant "seems to conform with the decision of the court and agreement of the parties."

On October 25, 1983, plaintiff filed a notice of appeal from the judgment of September 23, 1983, and from the decision of the court on plaintiff's motion rendered on September 29, 1983. On October 26, 1983, the trial court entered judgment overruling plaintiff's motion to make corrections in the proposed judgment entry.

Plaintiff purports to appeal from the final judgment of September 23, 1983, and the judgment of October 26, 1983, overruling her motion to make corrections to the proposed judgment entry of defendant.

Plaintiff has submitted the following assignments of error:

1. "The court committed error prejudicial to appellant in refusing to determine whether the journal entry submitted by defendant-appellee was sufficiently clear and to compare the same with the journal entry submitted by plaintiff-appellant."

2. "The journal entry of October 26, 1983 from which this appeal was taken was not signed by counsel for appellant nor authorized to be signed at any time."

3. "The court committed error prejudicial to appellant in approving the journal entry submitted by appellee and disregarding appellee's omission of very material statements to wit; 'That appellee has made full disclosure of all his assets' and to be more specific on the creation of the trust, the household furniture which the parties have owned since 1948, and appellant's personal property."

4. "The judgment of the court is contrary to law."

This court has no subject matter jurisdiction over the appeal.

Final judgment was entered by the trial court on September 23, 1983. App. R. 4(A) requires that a notice of appeal be filed with the clerk of the trial court within thirty days of the date of the entry of the judgment appealed from. That time requirement is jurisdictional and may not be extended. The time for filing a notice of appeal from the September 23, 1983 judgment expired on Monday, October 24, 1983. Hence, there was no timely appeal from the final judgment entered September 23, 1983.

The ruling upon plaintiff's motion to make corrections to the proposed judgment entry submitted by defendant is not an appealable order. Any error in the judgment of September 23, 1983, could have been asserted by a timely appeal of the judgment. After final judgment was entered, the motion to make

corrections to the proposed entry submitted by defendant became, in effect, a motion for reconsideration of the final judgment. The filing of a motion for reconsideration does not toll the time in which an appeal can be filed pursuant to App. R. 4(A). Any ruling thereafter upon a motion for reconsideration from a final judgment is a nullity. *Pitts* v. *Dept. of Transportation* (1981), 67 Ohio St. 2d 378 [21 O.O.3d 238]. As pointed out in *Pitts,* the Ohio Rules of Civil Procedure do not contain a provision for motions for reconsideration. Neither do the Civil Rules contain a provision for a motion to amend a proposed judgment entry after judgment has been entered. While preferably the trial court should have ruled upon the motion prior to entering judgment, a ruling thereafter does not revive or extend the time for appealing errors in the final judgment. Moreover, the overruling of the motion to amend, or to make corrections in a proposed judgment entry entered after final judgment, is not appealable. As previously stated, any errors in the final judgment of the court could be raised by timely appeal.

Since plaintiff's appeal of the final judgment was not timely filed, and the trial court's judgment overruling the motion to make corrections in a proposed judgment entry was not an appealable order, this court has no subject matter jurisdiction and, hence, no power to rule upon plaintiff's assignments of error.

The appeal is dismissed for lack of subject matter jurisdiction.

*Appeal dismissed.*

REILLY and CASTLE, JJ., concur.

CASTLE, J., retired, of the Twelfth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.