MEMORANDUM DECISION
Appellant, Larry Williams, appeals from a judgment of the Franklin County Court of Common Pleas, Domestic Relations Division, Juvenile Branch, ordering that appellant's four minor daughters be permanently committed to the custody of Franklin County Children Services for the purpose of placing them for adoption.
Appellant is the father of Jayde, Jessica, Justina, and Junetta Williams, the four minor children who are the subject of this action. The children's mother, Kim Strand, is not a party to this appeal and has not contested previous permanent custody proceedings. Appellant is currently serving a twelve to twenty-five year sentence, with an additional three years actual incarceration upon a firearm specification, pursuant to his conviction for armed robbery. He will not be eligible for release until 2006. Franklin County Children Services ("FCCS") involvement with the children dates back at least until 1993. The children were removed from the parents' home in 1994.
FCCS initially moved for permanent custody in 1996, which was granted by a decision of the court's juvenile branch on September 16, 1996. That judgment was appealed to this court which reversed, based upon lack of notice to the father. In the Matterof Jayde Williams (June 10, 1997), Franklin App. No. 96APF10-1397, unreported (1997 Opinions 2291).
Following reversal, FCCS continued to seek permanent custody. The matter was referred to a magistrate, who issued on August 20, 1998, his findings of fact and conclusions of law granting permanent custody of the four children to FCCS. The magistrate's decision noted the total absence of maternal involvement with the children, the father's lengthy prison sentence yet to be served, and the undesirability of placing the children in temporary care through the lengthy period until appellant's first eligible release date from incarceration. The magistrate also noted that FCCS had contacted two paternal aunts, neither of whom had followed through in submitting formal application for placement or adoption. The magistrate concluded that the best interest of the children warranted an award of permanent custody. No objections were filed to the magistrate's decision, and the trial court adopted the decision by judgment entry filed August 19, 1998. Appellant filed his notice of appeal on November 5, 1998, and brings the following two assignments of error:
 1. THE TRIAL COURT ERRED WHEN IT FAILED TO PLACE CHILDREN ADJUDICATED AS ABUSED, NEGLECTED, OR DEPENDENT WITH A RELATIVE RESIDING WITHIN OR OUTSIDE THE STATE, IN ACCORDANCE WITH O.R.C. SECTION 2151.353.
 2. THE TRIAL COURT ERRED WHEN IT GRANTED PERMANENT CUSTODY TO FRANKLIN COUNTY CHILDREN SERVICES AND FAILED TO CONSIDER THE BEST INTEREST OF THE CHILDREN, IN ACCORDANCE WITH O.R.C. SECTION 2151.414.
As an initial matter, we must address the threshold issue of the timeliness of appellant's appeal, as raised by appellee FCCS. App. R. 4(A) requires that a notice of appeal be filed within thirty days of entry of the judgment appealed from. This requirement is jurisdictional and may not be extended by the appellate court. Ditmars v. Ditmars (1984), 16 Ohio App.3d 174,175. The record in the present case reveals that appellant's counsel was served with notice of the trial court's adoption of the magistrate's decision in conformity with Juv.R. 4, 20, and Civ.R. 5(B). At the time judgment was entered, appellant was still represented by appointed counsel. "Whenever under these rules or by an order by the court service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney * * *." Juv.R. 20. Appellant then filed his notice of appeal some forty-six days after the expiration of the thirty-day appeal period under App. R. 4(A). Appellant's appeal therefore is not timely filed, and this court is without jurisdiction in the matter.
We note that to the extent the issues raised by appellant upon appeal involve ineffective assistance of trial counsel for failure to object to the magistrate's decision, and failure to promptly notify appellant of the final judgment in these proceedings, the proper avenue for appellant to raise these issues lies through a Civ.R. 60(B) motion in the trial court.
Based upon the foregoing, appellant's appeal was not timely and is therefore not properly before this court. The appeal is therefore dismissed.
Appeal dismissed.
TYACK, J., and LAZARUS, P.J., concur.