OPINION
Appellant, William Lake Jr., appeals from a judgment of the Court of Common Pleas of Union County overruling his objections to a magistrate's decision. For the reasons expressed in the opinion below, we are unable to reach the merits of Appellant's arguments and must dismiss his appeal.
On March 17, 1993, the trial court issued a judgment entry dissolving Appellant's marriage to Appellee, Mary Lake. The court incorporated a previously filed separation agreement into the order. The agreement provided, among other things, that Appellee would be designated residential custodian of the parties' three minor children, while Appellant would exercise liberal visitation. The agreement also stated that Appellant was under no present obligation to pay child support, but that he would pay all expenses associated with the children's attendance at St. John's Lutheran School.
Thereafter, on October 26, 1999, Appellee filed a motion to modify support. A hearing on the matter was held before a magistrate. On February 22, 2000, the magistrate issued her decision finding, interalia, that a substantial change of circumstances had occurred since the parties' dissolution and that Appellant should be ordered to pay $1,236.14 per month in child support. The trial court judge immediately adopted the decision.
However, on March 7, 2000, Appellant filed several objections to the magistrate's decision. By way of judgment entry issued March 10, 2000, the trial court overruled Appellant's objections.
In response to this adverse ruling, Appellant filed a notice of appeal to this Court. In Lake v. Lake (Aug. 29, 2000), Union App. No. 14-2000-14, unreported, this Court found error with the fact that the trial court failed to include a child support computation worksheet in the record. Thus, the judgment was reversed and remanded for this reason.
Upon remand, the magistrate issued another report on October 2, 2000. Although the substance of the decision was the same as the previously issued report, this time the child support worksheet was properly attached. Appellant filed the same objections to this latest magistrate's decision. In an entry dated November 13, 2000, the trial court overruled the objections and adopted the order contained in the magistrate's report. Appellant then filed his notice of appeal on December 14, 2000.
In examining the notice, it is apparent that counsel for Appellant was under the mistaken impression that the court's most recent entry was issued on November 14, 2000 rather than on the day before. App.R. 4(A) commands that "[a] party shall file the notice of appeal as required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed, or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three days period in Rule 58(B) of the Ohio Rules of Civil Procedure." Civil Rule 58(B) directs the clerk of courts to serve the parties with notice of the judgment within three days of entering it upon the journal. If a party is served with notice of the judgment within this three day period the thirty day appeal period begins to run on the date of the judgment. SeeState ex rel. Hughes v. Celeste (1993), 67 Ohio St.3d 429, 431.
The appearance docket in this case indicates that the clerk served the parties with notice of the November 13, 2000 entry on November 14, 2000. Obviously, service was perfected within the time period contained in Civ.R. 58(B). Consequently, the thirty days within which Appellant had to file a notice of appeal began to run on November 13th. Appellant did not file his notice of appeal until December 14, 2000, thirty-one days after the time began to run. Notably, the last day of the period was not a Saturday, Sunday or legal holiday. See App.R. 14(A).
It has been established that the time limits contained in App.R. 4(A) are jurisdictional in nature. Ditmars v. Ditmars (1984),16 Ohio App.3d 174. Thus, since this Court has no authority to determine an untimely appeal, this action must be dismissed for lack of subject matter jurisdiction.
 __________________ WALTERS, P.J.
SHAW and BRYANT, JJ., concur.