OPINION
Defendant-appellant, Michael Galbreath, appeals the ruling of the Clermont County Court of Common Pleas finding that it had no jurisdiction to determine his eligibility for judicial release. We affirm the court's determination.
On April 22, 1998, appellant was indicted on twelve counts of sexual battery, all third-degree felonies. In a written plea, appellant pleaded guilty to four counts of sexual battery, all third-degree felonies, and two counts of gross sexual imposition, both fourth-degree felonies. The trial court determined that appellant had entered his guilty pleas knowingly, intelligently, and voluntarily, and found appellant guilty of all six of the crimes to which he pleaded guilty. Appellant was committed to jail on August 12, 1998.
In a judgment entry dated September 11, 1998, the trial court sentenced appellant to serve an aggregate six-year term of incarceration for all of his crimes. The trial court ordered appellant to serve one year on each of his four sexual battery convictions, the terms of which were to be served consecutively. Appellant was also sentenced to serve one year on each of his two convictions for gross sexual imposition. Again, these sentences were ordered to be served consecutively. Appellant did not appeal his guilty pleas or sentences.
Appellant did, however, file several motions for judicial release, beginning with the first on November 10, 1998, and followed by two additional motions on February 9, 1999, and May 19, 1999. The trial court denied each of these motions by judgment entry. Appellant then filed apro se "motion for sentence modification" on February 16, 2000. Apparently construing the motion as another motion for judicial release, the trial court denied the motion on February 24, 2000.
The trial court held a hearing on June 29, 2000.[1] By judgment entry of September 26, 2000, the trial court found appellant ineligible for judicial release since he had not yet served five years of his six-year aggregate sentence. Appellant now appeals, raising two assignments of error that we address out of order.
 Assignment of Error No. 2: THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO CONSECUTIVE SENTENCES.
In this assignment of error, appellant challenges the trial court's imposition of consecutive sentences for his crimes. The state responds that this court should not review appellant's consecutive sentences since he did not file a timely appeal.
Initially, we observe that the trial court imposed appellant's consecutive sentences by judgment entry dated September 11, 1998. It is undisputed that appellant did not file a notice of appeal within thirty days of this judgment entry, as required by App.R. 4(A). The time limits contained in App.R. 4(A) are jurisdictional in nature. Ditmars v.Ditmars (1984), 16 Ohio App.3d 174, 175. In order to challenge the trial court's erroneous imposition of consecutive sentences, appellant was required to file a notice of appeal within thirty days of the trial court's September 11, 1998 entry or comply with the provisions of App.R. 5(A), which would have allowed him to file a motion for delayed appeal.
Appellant neither filed a timely notice of appeal nor filed a motion for delayed appeal under App.R. 5(A). Appellant cannot utilize a timely appeal from a ruling denying a motion for judicial release as a mechanism to attack his original sentences, from which he took no timely appeal. See State v. Leach (Mar. 7, 2001), 2001 WL 222965, at *1-2, Medina App. No. 3068-M, unreported; see, also, State v. Gray (May 24, 2001), 2001 WL 563278, at *1, Cuyahoga App. No. 78467, unreported. Since this Court has no authority to determine an untimely appeal, we will not consider this issue due to our lack of subject matter jurisdiction.
 Assignment of Error No. 1: THE TRIAL COURT ERRED IN FINDING THE DEFENDANT NOT TO BE ELIGIBLE FOR JUDICIAL RELEASE.
Appellant claims that the trial court applied the wrong section of R.C. 2929.20 when it determined he was not eligible for judicial release. The state responds that the trial court's determination of appellant's motion for judicial release is not a final appealable order. Therefore, we first determine whether the trial court's order denying appellant's motion for judicial release is a final appealable order that invokes this court's jurisdiction.
This court has previously held that the denial of a motion for judicial release is not a final appealable order so that a court of appeals has no jurisdiction to review it absent the violation of some constitutional or statutory standard. State v. Harrison (July 17, 2000), Warren App. No. CA99-07-077, unreported, at 4; State v. Curtis (Dec. 6, 1999), Clinton App. No. CA99-07-019, unreported, at 2-3. Under this standard, an offender cannot obtain review of a ruling denying judicial release unless he raises the limited issue of whether the trial court followed the statutory scheme of R.C. 2929.20. See id.
In Curtis, appellant argued that the statutory scheme of R.C. 2929.20
was not followed because a hearing never occurred. Clinton App. No. CA99-07-019, unreported, at 3. Reasoning that shock probation had been replaced by judicial release effective July 1, 1996, we extended the standard used to determine the existence of a final appealable order in shock probation to judicial release. Id. Since the appellant appealed the question of whether the trial court followed the statutory scheme of R.C. 2929.20(C), we concluded that the order denying judicial release was a final appealable order. Id.
A recent Ohio Supreme Court opinion requires us to reconsider the standard allowing review that we applied in Curtis. In Coffman v. State
(2001), 91 Ohio St.3d 125, 126, the court questioned whether a ruling denying shock probation could ever be a final appealable order. TheCoffman court rejected the view that the denial of a motion for shock probation should be reviewable as a final appealable order if it constitutes a constitutional or statutory violation.91 Ohio St.3d at 129. Coffman succinctly concluded that a trial court's denial of a motion for shock probation can never be a final appealable order subject to appellate review, regardless of whether or not the prisoner alleges a constitutional or statutory violation. Id.
This case involves a motion for judicial release under R.C. 2929.20
instead of a motion for shock probation. However, as we recognized inCurtis, judicial release replaced shock probation effective July 1, 1996. Clinton App. No. CA99-07-019, unreported, at 3. The Ninth District Court of Appeals has already recognized that, since the denial of a motion for shock probation can never be a final appealable order and judicial release mirrors shock probation, the denial of a motion for judicial release can never be a final appealable order. State v. Woods
(Mar. 14, 2001), 2001 WL 251342, at *1, Lorain App. No. 00CA007676, unreported.
We agree with the Ninth District Court of Appeals. The denial of a motion for judicial release is not a final appealable order subject to our review. We have no jurisdiction to consider appellant's second assignment of error and must dismiss this appeal.
Judgment affirmed.
 __________ POWELL, J.
YOUNG, P.J., and VALEN, J., concur.
[1] The record does not show that appellant filed any motion precipitating this hearing, but only that the trial court scheduled a "meeting with counsel."