I respectfully dissent. Because petitioner filed her notice of appeal within thirty days of the trial court's September 12, 2000 dismissal of her second petition for post-conviction relief, I would find that we lack jurisdiction to consider the merits of the trial court's April 26, 2000 dismissal of her first petition for post-conviction relief. Accordingly, I respectfully decline to concur in the majority's determination that the trial court committed plain error in connection with the April 26, 2000 ruling.
In State v. Milanovich (1975), 42 Ohio St.2d 46, 49, the Supreme Court stated, "an action for postconviction relief is a civil proceeding." State v. Simmons, 1997 Ohio App. LEXIS 696 (Feb. 27, 1997), Cuyahoga App. No. 69238, unreported, citing to State v. Nichols (1984),11 Ohio St.3d 40. Thus, an appeal from the dismissal of a petition for post-conviction relief is governed by App.R. 4(A).[1] State v. Otte (July 20, 2000), Cuyahoga App. No. 76726, unreported; Simmons, supra.
App.R. 4(A) provides in relevant part:
 "In a civil case the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within thirty days of the date of the entry of the judgment or order appealed from. * * *
This thirty-day period is a jurisdictional requirement and cannot be extended. Ditmars v. Ditmars (1984), 16 Ohio App.3d 174, 175,475 N.E.2d 164; App.R. 14(B).
In this instance, the notice of appeal was filed within thirty days of the September 12, 2000 dismissal of the second petition for post-conviction relief. No appeal was taken following the trial court's April 26, 2000 dismissal of the first petition for post-conviction relief in April 2000. I would therefore conclude that this court is without jurisdiction to consider the merits of the trial court's dismissal of the first petition for post-conviction relief and accordingly dissent from the judgment rendered this day. Accord State v. Otte, supra; State v. Jackson (June 22, 1995), Cuyahoga App. Nos. No. 67025, 67876 68085, unreported.
[1] App.R. 5(A) governs appeals by leave of court in criminal cases.