OPINION
{¶ 1} This is an appeal from a judgment of the court of common pleas in an R.C. Chapter 2506 appeal to that court from a decision of the Planning Commission of the city of Oakwood.
 {¶ 2} In 1998, Charles and Elizabeth Schroeder asked the Planning Commission to re-plat their residential lot of property in Oakwood into three lots. The proposed lot-split would leave the Schroeders' house on the new center lot of approximately 1.5 acres. The split would create two one-acre side lots that the Schroeders intended to sell.
 {¶ 3} Oakwood Ordinance 1171.04(F)(9) constrains the authority otherwise conferred on the Planning Commission to order lot splits. That ordinance provides:
 {¶ 4} "No tract or lot which is nonconforming (as to area, width or yard requirements or bulk limitations or any other aspect) may be platted or replatted until and unless that nonconformity has been eliminated through the granting of variance. This section of the Subdivision Regulations shall not be deemed to authorize or encourage the granting of such variances."
 {¶ 5} The Schroeders had purchased their house and lot from Elizabeth Schroder's parents in 1993. Attached to the rear of the house is an indoor pool structure that was added in 1972. The structure sits forty feet from the rear property line of the Schroeders' lot. One of the properties abutting that line is owned by Plaintiff-Appellant, Irvin Harlamert. Harlamert has resided there since 1971, the year prior to construction of the indoor pool addition to the house the Schroeders now own.
 {¶ 6} Oakwood's ordinances were amended in 1989 to require a new minimum rear lot line set-back distance of sixty-three feet for structures. The indoor pool structure, sitting but forty feet from the Schroeders' rear lot line, is a permitted non-conforming use because it pre-existed the 1989 ordinance. However, the Schroeders were required by Ordinance 1171.04(F)(9) to first obtain a variance from the rear lot line set back requirement with respect to the location of their pool structure in order to obtain the lot split they requested from the Planning Commission.
 {¶ 7} In Oakwood, variances from existing zoning ordinances ordinarily are sought from and granted by the Oakwood Board of Zoning Appeals. The Board has been given extensive standards for those decisions by applicable ordinances. Ordinance 1105.06 governs variance procedures of the Board. Ordinance 1006.7 sets out standards for variances.
 {¶ 8} The Schroeders didn't seek the variance their proposed lot-split required from the Board of Zoning Appeals. Instead, they asked the Planning Commission to grant the variance pursuant to a separate, specific authority conferred on the Planning Commission in connection with its authority to plat and replat subdivisions. That authority is conferred by Ordinance 1171.08, which states:
 {¶ 9} "In any particular case where, because of topographic or other conditions, strict compliance with the foregoing provisions would cause practical difficulties or exceptional and undue hardship on the subdivider, the Commission may authorize a variance from the strict application of these provisions so as to relieve such difficulties or hardship, provided such relief may be granted without substantial detriment to the public good and without substantially impairing the intent and purpose of these Regulations or the desirable general development in accordance with the plans of the Commission, the City and the surrounding area."
 {¶ 10} The Schroeders asked the Planning Commission to grant a variance from the sixty-three feet rear lot line setback requirement with respect to their swimming pool structure. On September 2, 1998, the Commission granted the variance and approved the lot-split. The new lot plats were subsequently filed with the county recorder, as required by law.
 {¶ 11} Harlamert had appeared before the Planning Commission to oppose the Schroeder's request. On October 2, 1998, Harlamert filed a notice of appeal to the common pleas court pursuant to R.C. 2506.01 from the Planning Commission's decision to grant the variance. In a brief that he filed on February 2, 1999, Harlamert set out the following contention as his assignment of error: "The decision of the planning commission of the City of Oakwood in granting the variance requested by Appellees Schroeder was not supported by a preponderance of the reliable, probative and substantial evidence."
 {¶ 12} Harlamert's contention, which incorporates certain of the multiple grounds for relief in R.C. 2506.04, focused on the dearth of evidence in the Planning Commission's proceedings that might support the variance granted to the Schroeders. His arguments suggested why that was so.
 {¶ 13} Harlamert pointed out that the Planning Commission is an administrative body, not a quasi-judicial body, as is the Board of Zoning Appeals. The Planning Commission ordinarily does not take evidence or hear witnesses. Therefore, the record of its proceedings that the Planning Commission certified in the appeal pursuant to R.C. 2506.02 was thin, and as to the proceedings it followed and the evidence it considered, almost a blank.
 {¶ 14} Harlamert's notice of appeal to the common pleas court identified the Oakwood Planning Commission as the Defendant-Appellee. The Schroeders were subsequently granted leave to intervene as Defendants-Appellees. Also joined as Defendants-Appellees in the later proceedings were Aaron and Karen Knoll, who subsequently purchased one of the side lots the lot-split created and erected a house on it.
 {¶ 15} The trial court referred the action to a magistrate for trial, pursuant to Civ.R. 53(C)(1). R.C. 2506.03(A) confined the magistrate to the transcript of its proceedings that the Planning Commission had filed, which consisted of a brief summary without findings or conclusions. Finding no evidence on the face of that record to support the variance the Planning Commission granted, and taking no additional evidence, the magistrate on June 17, 1999, issued a decision in Harlamert's favor, reversing the Planning Commission's decision to grant the variance.
 {¶ 16} R.C. 2506.03(A) sets out five causes concerning the order from which the appeal is taken which may relieve the court of the evidentiary limitations that section imposes, and if any one of those causes are found the section permits the court to take evidence additional to that in the transcript the officer or agency filed. Thirteen days after the magistrate's decision in Harlamert's favor was filed, the Schroeders filed a motion pursuant to R.C. 2506.03(A), asking the magistrate to take additional evidence on several of the grounds set out paragraphs in (1) through (5) of that section. Harlamert filed motions contra. On August 5, 1999, the magistrate granted the Schroeders' motion.
 {¶ 17} On September 8, 1999, the trial court vacated the magistrate's order and took up the Schroeders' motion to take additional evidence as Civ.R. 53(E)(3) objections to the magistrate's decision. The court then granted the Schroeders the relief their motion requested and referred the matter to the magistrate for trial and decision a second time.
 {¶ 18} The magistrate took additional evidence relevant to Harlamert's challenge that the Planning Commission's decision to grant the variance was not based on the preponderance of substantial, reliable, and probative evidence. By taking evidence, the magistrate's proceeding effectively cured Harlamert's objection that no evidence existed to support the variance that the Planning Commission had granted. The focus of the inquiry then shifted to the adequacy of the evidence admitted in the magistrate's proceedings. Applying the standards for variances in Duncan v. Middlefield (1986), 23 Ohio St.3d 83, the magistrate found that the variance granted by the Planning Commission was supported by the preponderance of substantial, reliable, and probative evidence. Accordingly, the magistrate filed a decision adverse to Harlamert, affirming the Planning Commission's decision.
 {¶ 19} Harlamert filed timely objections to the magistrate's decision. The trial court considered and overruled Harlamert's objections and adopted the magistrate's decision as the court's judgment and order. Harlamert filed a timely notice of appeal to this court.
 {¶ 20} Before addressing Harlamert's assignments of error, we repeat what we said in Stickelman v. Harrison Township Board of ZoningAppeals (2002, 148 Ohio App.3d 190, concerning the limited standard of review we may apply to the error assigned:
 {¶ 21} "In the first assignment of error, the Stickelmans contend that the trial court abused its discretion by misapplying both the standards for an administrative appeal and applicable case law. The standard for administrative appeals is that the common pleas court is to consider the entire record, including new or additional evidence that is admitted. The court then decides whether `the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.' Henley v. Youngstown Bd. of Zoning Appeals (2000),90 Ohio St.3d 142, 147, 735 N.E.2d 433.
 {¶ 22} "In contrast, our own standard of review is more limited. We may review the common pleas court judgment `only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court.' 90 Ohio St.3d at 147, 735 N.E.2d 433. However, `within the ambit of `questions of law' for appellate court review would be abuse of discretion by the common pleas court.' BP OilCo. v. Dayton Bd. of Zoning Appeals (1996), 109 Ohio App.3d 423, 428,672 N.E.2d 256. In this regard, the Ohio Supreme Court has also stressed:
 {¶ 23} "`The fact that the court of appeals, or * * * [the Supreme Court], might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.' 90 Ohio St.3d at 147,735 N.E.2d 433." Stickelman, at pp. 191-192.
 FIRST ASSIGNMENT OF ERROR {¶ 24} "Common Pleas Court Judge Adele Riley erred by converting the appellees' Section 2506.03 O.R.C. motion into a Civil Rule 53(E)(3) objection."
 {¶ 25} Harlamert's argument in support of the error he assigns is extensive and wide-ranging. App.R. 16(A)(7) contemplates "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions." We read the rule to limit an appellant's contentions and reasons to those which logically and reasonably relate to the error assigned. In this instance, there are two.
 {¶ 26} First, Harlamert contends that the trial court should have rejected the Schroeders' R.C. 2506.03(A) motion to take additional evidence because that section limits applications to the party who files the R.C. 2506.01 appeal. R.C. 2506.03(A) confines the court's review to the transcript the officer or body filed "unless it appears, on the face of the transcript or by an affidavit filed by the appellant" that one or more of the causes enumerated in paragraphs (1) through (5) apply. As Harlamert was the appellant, and filed no affidavit, he contends that the court was precluded from granting the Schroeders' R.C. 2506.03(A) motion to take evidence.
 {¶ 27} A trial court is not precluded from taking additional evidence pursuant to R.C. 2506.03(A) when one or more of the circumstances identified in paragraphs (1) through (5) are apparent to the court on or from the face of the transcript before the court as a result of a motion or other request for relief filed by any of the parties. In this instance, the court found two: that the testimony adduced the Planning Commission was not under oath, and that no conclusions of fact were stated in the Planning Commission's written decision granting the variance. Those are grounds under paragraphs (3) and (5) of R.C.2506.03(A), respectively. The court did not err when, after finding the causes concerned, the court entered a second order of reference directing its magistrate to take additional evidence.
 {¶ 28} Harlamert's second contention is that the trial court abused its discretion when the court converted the Schroeders' R.C.2506.03(A) motion to take additional evidence to Civ.R. 53(E)(3) objections to the magistrate's decision in Harlamert's favor. Harlamert argues that the substance of the motion fails to satisfy the requirement in Civ.R. 53(E)(3)(b) that "objections shall be specific and state with particularity the grounds of the objection." He also argues that the court could not consider the Schroeders' motion as Civ.R. 53(E)(3) objections because no "objections" were filed within fourteen days after the magistrate's decision, a requirement imposed by Civ.R 53(E)(3)(a).
 {¶ 29} Had the Schroeders captioned their request for relief as "objections" there would have been no reason for the court to convert their Civ.R. 7(B) motion to Civ.R. 53(E)(3) objections. They were filed thirteen days after the magistrate's decision, within the fourteen days that Civ.R. 53(E)(3)(a) requires. We do not view the specificity requirement in Civ.R. 53(E)(3)(b) to be a constraint on the court, but a requirement imposed on the party who files objections to make the grounds on which the party relies apparent to both the court and the adverse party. The grounds for relief in R.C. 2506.03(A)(1)through(5) on which the Schroeders relied were apparent to both. Harlamert does not claim that he was unaware of them. Neither does he demonstrate how the trial court's conversion of the motion to objections, though novel, prevented him from opposing the Schroeders' request.
 {¶ 30} The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 31} "Common Pleas Court Judge Adele Riley erred in granting appellees' Schroeders motion to allow the taking of additional evidence pursuant to Section 2506.03 O.R.C. after the case was decided by the magistrate that the OPC variance was void."
 {¶ 32} Harlamert argues that because no "objections" as objections were filed within fourteen days after the magistrate's first decision, the trial court was required to adopt the decision as its order. We do not agree. Civ.R. 53(E)(4)(a) states that "[t]he court may adopt the magistrate's decision if no written objections are filed." The court thus has the discretion to follow its own course in that instance, as the court did here. We find no abuse of discretion.
 {¶ 33} Harlamert further argues that, because the magistrate's decision had been filed, the Schroeders could not ask the court to take additional evidence pertaining to the issues the decision involved. The magistrate's decision was wholly interlocutory, subject to further proceedings on another Civ.R. 53(C)(1) order of reference. The Schroeders were therefore not barred from filing their motion because the magistrate's decision had been filed, and the court was not barred from granting the relief they requested.
 {¶ 34} Harlamert presents numerous additional contentions under this assignment of error, but they are not germane to the error assigned.
 {¶ 35} The second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR {¶ 36} "The Common Pleas Court erred in allowing the appellees, Schroeders' motion to put forth additional evidence pursuant to Section2506.03 O.R.C. even though none of the five grounds listed in the statute were present to support the motion."
 {¶ 37} Harlamert renews his argument that the court could not order additional evidence taken pursuant to R.C. 2506.03(A)(3) and (5) except upon his affidavit, as the appellant. We again reject that contention for the reasons discussed above.
 {¶ 38} R.C. 2506.03(A)(2) permits the court to take evidence if the evidence before the officer or body was not taken under oath. Paragraph (A)(5) permits evidence to be taken if the transcript filed contains no finding or conclusions. Harlamert argues that the face of the transcript filed pursuant to R.C. 2506.02 by the Planning Commission does not demonstrate existence of the R.C. 2506.03(A)(3) and (5) grounds the trial court found. We do not agree. Those defects or causes are manifest. The transcript does not reflect that the Planning Commission took testimony under oath. Its report contains no findings or conclusions.
 {¶ 39} Harlamert argues that the Schroeders waived any complaint that the Planning Commission failed to take testimony under oath because the Schroeders called no witnesses to put under oath. The burden the oath requirement imposes is on the officer or body that acts, and in order to act it must put the witness or witnesses before it under oath. The Planning Commission was not relieved of that requirement by anything the Schroeders did or failed to do. Therefore, the grounds for relief are not waived.
 {¶ 40} Again, Harlamert makes numerous other contentions not germane to the error assigned, which we need not consider.
 {¶ 41} The third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR {¶ 42} "Common Pleas Court Judge Tucker erred by ignoring and failing to consider the mandatory evidence standards requirements placed upon the variance applicant (appellees) under Oakwood Ordinances 1006.7 AND 1105.06."
 {¶ 43} The two Oakwood ordinances referenced now apply to both the Board of Zoning Appeals and the Planning Commission. When the Planning Commission granted the Schroeders' variance, the Planning Commission was not subject to those ordinances or their requirements. Only the Board of Zoning Appeals was. Instead, the Planning Commission's authority to grant a variance in connection with a lot-split was then governed by Ordinance 1171.08, which is discussed under the next heading. Therefore, Harlamert's arguments that the Planning Commission and the court erred because they failed to apply the standards or apply the procedures that Ordinances 1105.06 and 1006.7 imposed on the Board of Zoning Appeals is without merit.
 {¶ 44} The fourth assignment of error is overruled.
 FIFTH ASSIGNMENT OF ERROR {¶ 45} "The Common Pleas Court erred in denying the appellant' motion in limine restricting evidence to "topographical and other conditions" as limited by Oakwood Ordinance 171.08."
 {¶ 46} Harlamert's position and theory throughout these proceedings, in the trial court and now here, has been and is that the Planning Commission could not grant the variance the Schroeders sought because the variance concerned the location of a structure on their property, and the limited authority conferred on the Planning Commission by Ordinance 1171.08 permits it to grant variances only because of or in relation to "topographical and other conditions," which concern the surface of land and not buildings on it.
 {¶ 47} As we noted in our introductory discussion, the sole Oakwood Ordinance that conferred authority on the Planning Commission to grant variances when this variance was granted is Ordinance 1171.08, which states:
 {¶ 48} "In any particular case where, because of topographic or other conditions, strict compliance with the foregoing provisions would cause practical difficulties or exceptional and undue hardship on the subdivider, the Commission may authorize a variance from the strict application of these provisions so as to relieve such difficulties or hardship, provided such relief may be granted without substantial detriment to the public good and without substantially impairing the intent and purpose of these Regulations or the desirable general development in accordance with the plans of the Commission, the City and the surrounding area."
 {¶ 49} Oakwood Ordinance 1171.08 was enacted by the Oakwood City Council in the exercise of the police power conferred on charter municipalities by the home rule amendments to the Ohio Constitution.Pritz v. Messer (1925) 112 Ohio St. 628. The ordinance delegates to the Planning Commission a specific power to grant variances from zoning ordinances the City Council has adopted. When such a delegation is so vague and general in its terms as to permit its arbitrary application, the ordinance violates the protections conferred by the due process clauses of the Constitution of the United States and the State of Ohio.City of Dayton v. S.S. Kresge Co. (1926), 114 Ohio St. 624; affirmed275 U.S. 405. In that instance, a court may declare void an order issued pursuant to the provisions of the ordinance.
 {¶ 50} Oakwood Ordinance 1171.08 is very broad and general in its terms. It contrasts sharply with Ordinances 11065.06 and 1006.07, which at the time provided extensive procedural and substantive rules the Oakwood Board of Zoning Appeals was required to follow when a variance was requested from that body.
 {¶ 51} In his R.C. 2506.01 appeal to the court of common pleas, at least with respect to the theory on which he relied, Harlamert might have challenged Ordinance 1171.08 as void because it relies on the application of vague and ambiguous standards, permitting the Planning Commission to exercise its powers arbitrarily, and that it did so in this instance. Indeed, arbitrariness is what Harlamert complains of. The court, if persuaded by that claim, is authorized by R.C. 2506.04 to then vacate the variance granted the Schroeders on a finding that Ordinance 1171.08 was "illegal" and its application in this instance "arbitrary (and) capricious."
 {¶ 52} Instead of a claim of illegality, Harlamert relied on the alternative grounds in R.C. 2506.04, which would permit the court to grant the relief sought upon a finding that Planning Commission's application of the ordinance to grant the variance was "unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." That strategic choice amounted to a collateral attack on the variance that framed in evidentiary terms the issue the trial court was required to decide.
 {¶ 53} Harlamert has contended throughout these proceedings that the evidence before the Planning Commission was insufficient for the variance it granted. That caused the Schroeders to then ask the court to take additional evidence pursuant to R.C. 2506.03(A), which it did. Harlamert thereafter couched his challenges as evidentiary objections; that facts concerning the Schroeders' pool structure and its location in relation to the rear lot line of their property were irrelevant to the variance that the Planning Commission had granted. Specifically, he argued that those matters do not constitute "topographic or other conditions," concerning which the Planning Commission is authorized by Ordinance 1171.08 to grant a variance required in order to re-plat lots. The magistrate and the trial court rejected those contentions, which Harlamert renews here.
 {¶ 54} Harlamert argues that "topographical and other conditions" concern only natural or man-made features of the land itself, and therefore cannot include buildings on the land and zoning set-back requirements that affect those buildings. He provides extensive definitions of the term "topography" or "topographical" to support his position. He also argues that the canon of construction ejusdem generis
requires any interpretation of the general term "other conditions" to embrace only things of a like character and kind to the limited and specific term to which the general term applies, "topographical." As that term does not comprehend buildings or structures, according to Harlamert, neither can "other conditions," as that term appears in Ordinance 1171.08.
 {¶ 55} The magistrate rejected Harlamert's objections to evidence concerning the pool structure, finding that the structure is a topographical or other condition of the land concerned. The trial court rejected Harlamert's objections to the magistrate's finding, though the court noted that Harlamert's arguments were "persuasive."
 {¶ 56} We agree with Harlamert that the term "topographical and other conditions" as it appears in Ordinance 1171.08 reasonably does not comprehend buildings and other structures situated on land, but only the surface configuration of terrain, whether the particular condition involved is natural or has been altered by man. That interpretation corresponds to the other term in Ordinance 1171.08 which permits the Planning Commission to grant variances from the "foregoing provisions." It appears that those are the other provisions of the Subdivision Regulations the Planning Commission is charged by Ordinance 1171 to enforce, which govern the layout or platting of a subdivision in respect to the location of its blocks, streets, lots and open spaces. Those features are typically affected by the topography of the land platted. They do not, so far as we can tell from this record, relate to the size or location of structures on a subdivision's lots. It may be that such matters, including the rear lot line set back requirement from which this variance was granted by the Planning Commission, are governed by other provisions of Oakwood's Zoning Code that the Board of Zoning Appeals is charged to enforce and from which it may grant variances. We can only speculate, however, because we are not told where in the Zoning Code the set-back regulation appears. So, on this record and on the basis of the challenges Harlamert presented, we can only decide whether the trial court committed an evidentiary error.
 {¶ 57} The trial court's rejection of Harlamert's evidentiary objections was on a finding that evidence concerning the pool structure was admissible in relation to the narrow question presented: whether the variance was supported by the evidence. The court's decision that the evidence was relevant and necessarily assumed that the pool structure is a topographical or other condition. In so holding, the court appears to have relied on the Planning Commission's interpretation of the authority conferred on it by Ordinance 1171.08. Agencies are afforded some deference in that respect by the courts. When, as here, the agency's exercise of its authority is not challenged directly, the court can't reasonably decide whether the agency exceeded its authority or exercised it arbitrarily. The evidentiary objections were insufficient to require that determination.
 {¶ 58} It is well settled that a trial court has broad discretion in questions involving the admissibility of evidence. Appellate courts should not reverse a trial court because of its evidentiary rulings absent a resulting clear and compelling prejudice to the party whose rights were adversely affected. Further, the particular reversal must permit the trial court to consider the matter anew, as though the error or abuse of discretion never occurred. That is simply not possible here.
 {¶ 59} The Planning Commission granted the lot-split for which the variance was requested and granted. Subsequently, the Schroeders sold both of the new side lots that the split had created. Aaron and Karen Knoll purchased one of those lots, and have since constructed a residence on it. Reversal of the trial court's order affirming the Planning Commission's decision to grant the variance would effectively nullify the lot-split. The titles of the two purchasers from the Schroeders would be seriously, if not fatally, burdened. The Knolls might be required to tear down their house or move it, if that's even possible. Harlamert has indicated that, if successful here, he might seek those remedies.
 {¶ 60} These defects could be cured, and would be, if a new lot-split and variance is sought and obtained. It is almost certain that the variance would be required on the principles set out in Duncan v.Middlefield. Another lot-split would follow. The situations of the parties would then be as they are now. The only difference is that all would have been put to further inconvenience and expense. That BleakHouse-like perpetuation of this litigation, which began in 1998, is simply not warranted by the issues of law involved.
 {¶ 61} The narrow issues of law involved here are limited to the variance that was granted concerning the pool structure. It was a preexisting use, and therefore is unaffected by the variance. In other words, the pool structure will remain where it is whether or not the lot-split is ordered. Indeed, Harlamert's announced concern is not the pool house and its location. His concern is the lot-split and the resulting erection of the Knolls' house. However, those matters are not in issue.
 {¶ 62} Litigation that has become no more than fractious is not a search for justice. We won't say that has happened here; but, reversing the trial court's judgment would, in our view, serve no useful purpose, condemning the parties to further litigation the outcome of which is clear and the effect of which would be to confirm the status quo. That is not a sensible exercise of the judicial power the people of Ohio have conferred on this court. As Justice Story wrote: "It is for the public interest and policy to make an end to litigation . . . [so] that suits may not be immortal, while men are mortal." Ocean Ins. Co. v. Fields
(1841), 18 F. Cas. 532, 539.
 {¶ 63} The fifth assignment of error is overruled.
 SIXTH ASSIGNMENT OF ERROR {¶ 64} "The Common Pleas Court erred in failing to grant a temporary injunction to stop the construction of the Knoll residence pending the final determination of this case."
 {¶ 65} Harlamert sought an injunction that would have barred Oakwood from issuing zoning certificates and building permits for which the Knolls had applied in order to construct their house. In another appeal, we affirmed the trial court's denial of a different injunction that Harlamert sought, one concerning another variance the Planning Commission had granted with respect to front yard set back requirement for the Knolls' lot. Harlamert v. Oakwood (June 16, 2000), Montgomery App. No. 17983.
 {¶ 66} The magistrate denied Harlamert's request to enjoin Oakwood from issuing the necessary building permits to the Knolls on July 23, 1999. Harlamert objected. On September 8, 1999, the trial court overruled Harlamert's objection. The court found the question was moot because the required permits and certificates had been issued. Harlamert did not file a notice of appeal from that order within the thirty-day period that App.R. 4 imposes.
 {¶ 67} The appellate jurisdiction of this court is limited to review of final orders and judgments. Article IV, Section 3(B)(2), Ohio Constitution. Final orders are defined by R.C. 2505.02. That section was amended effective July 22, 1998. Paragraph (B)(4) of the amended section now provides:
 {¶ 68} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 69} "* * *
 {¶ 70} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 71} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 72} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
 {¶ 73} Injunctions are provisional remedies. Civ.R. 65. The trial court's September 8, 1999 order both determined the action with respect to the provisional remedy that Harlamart sought and prevented a judgment for Harlamert on that remedy. Further, for the reasons discussed above, the appeal that Harlamert subsequently filed and which is before us now offers him no meaningful remedy concerning the issues and claims his requested injunction presented. The trial court's order of September 8, 1999 was, therefore, final and appealable. No timely appeal from it having been taken, we lack jurisdiction to review the order or any error assigned with respect to it. Piper v. Burden (1984), 16 Ohio App.3d 174.
 {¶ 74} The sixth assignment of error is overruled.
 Conclusion {¶ 75} Having overruled the assignments of error presented, we will affirm the judgment from which this appeal was taken.
FAIN, P.J., concurs in the judgment.
BROGAN, J., concurs.