OPINION.
{¶ 1} The appellant, Michael Potter, appeals the judgment of the Paulding County Court of Common Pleas, Probate Division, appointing Judith Baumle (hereinafter "appellee") as guardian of appellant's person and estate.
 {¶ 2} On November 4, 2002 Judith Baumle petitioned for appointment as guardian of Michael Potter. The trial court set a guardian appointment hearing for February 7, 2003. At that hearing, the court found that Michael Potter was incompetent by reason of his mental inability to care for himself, his estate and his property due to schizophrenia. The court further found that a guardianship was necessary. The court then appointed Judith Baumle as non-limited guardian of the person and estate of appellant pursuant to R.C. 2111.02.[1] Judgment was entered February 7, 2003.
 {¶ 3} Appellant now appeals asserting one assignment of error for our review. Appellant contends that the court's finding a guardianship was necessary is against the manifest weight of the evidence. However, before a review of the trial court's decision may be made, we must find that the issue is properly presented and that this court has jurisdiction to decide the matter.
 {¶ 4} R.C. 2505.03 provides that an appeal may only be taken from a final judgment. App.R. 4 further provides:
A party shall file the notice of appeal required by App.R. 3 withinthirty days of the later of entry of the judgment or order appealed or,in a civil case, service of the notice of judgment and its entry ifservice is not made on the party within the three day period in Rule58(B) of the Ohio Rules of Civil Procedure.[2]
 {¶ 5} This time requirement is jurisdictional.[3] Final judgment was entered by the trial court on February 7, 2003. The time for filing a notice of appeal from the February 7, 2003 judgment expired on Monday, March 10, 2003. Appellant did not file his notice of appeal until March 21, 2003. Hence, the appellant did not timely appeal from the final judgment entered February 7, 2003. Therefore, this court lacks jurisdiction to review the trial court's decision.
 {¶ 6} For this reason, it is the order of this Court that this appeal be dismissed.
Appeal dismissed.
BRYANT, P.J., and SHAW, J., concur.
[1] R.C. 2111.02 states in pertinent part, "When found necessary, the probate court * * * on application by any interested party shall appoint * * * a guardian of the person, estate or both, of a minor or incompetent * * *"
[2] App.R. 4.
[3] Ditmars v. Ditmars, (1984) 16 Ohio App.3d 174, 175; In re A.I., Cuyahoga App. No. 81804, 2003-Ohio-2741, at ¶ 2.