JOURNAL ENTRY and OPINION
{¶ 1} Mother appeals from a juvenile court judgment denying her motion for an award of past support. We do not have jurisdiction to review this ruling. Therefore, we dismiss this appeal.
 {¶ 2} On July 10, 2001, the Cuyahoga Child Support Enforcement Agency ("CSEA") filed a complaint seeking to establish a parent-child relationship between the relator-father and the minor child and requesting that the court "order the relator [to] pay a reasonable amount for the past, current and future support for the minor child." On June 19, 2002, the magistrate found that the relator was the father of the child and ordered him to pay temporary child support of $487.83. However, the relator's liability for past care could not be determined at that hearing. Shortly after this decision was entered, the relator-father filed a complaint to establish visitation with the child.
 {¶ 3} On March 25, 2003, the magistrate entered an order denying the mother's claim for past support and ordering relator to pay $563.77 as current child support. The mother objected, but the court overruled her objections and approved and adopted the magistrate's decision on August 12, 2003.
 {¶ 4} The mother and father entered into an agreement regarding parenting time, which the magistrate found to be in the best interests of the child in a decision entered on January 29, 2004. The court apparently accepted and adopted that decision on February 4, 2004. Mother filed her notice of appeal on March 5, 2004.
 {¶ 5} An order is a final order which may be reviewed on appeal when, e.g., it is "an order that affects a substantial right made in a special proceeding* * * *" R.C. 2505.02(B)(2). Parentage actions are special statutory proceedings. Berends v.Pearn (Jan. 27, 2000), Cuyahoga App. Nos. 76755 76768. An order establishing paternity but deferring a determination of child support does not affect a substantial right and therefore is not final. Mullins v. Roe (May 15, 1998), Scioto App. No. 97CA2518. Concomitantly, however, an order establishing paternity and ordering support is a final order. Adams v. Jett (Feb. 10, 1985), Montgomery App. No. 14636. Thus, the August 12, 2003 juvenile court order establishing paternity and ordering permanent support was a final order, despite the pendency of the father's complaint to establish visitation.
 {¶ 6} This determination is reinforced by the fact that, pursuant to R.C. 3111.13(C), a father's petition for parenting rights is "a proceeding separate from any action to establish paternity" and may only be instituted after the entry of the judgment or order establishing paternity and support obligations. As a separate proceeding, the father's pending motion for parenting rights did not affect the finality of the order establishing paternity and ordering support.
 {¶ 7} An appeal from a final order must be perfected by filing a notice of appeal within thirty days after the order is entered. App.R. 4(A). This thirty day limit is jurisdictional and cannot be extended. When an appeal is untimely filed outside this thirty (30) day period, the appellate court lacks jurisdiction to consider the merits and the appeal must be dismissed. See, e.g.,Rundle v. Rundle (1997), 123 Ohio App.3d 304; Ditmars v.Ditmars (1984), 16 Ohio App.3d 174. The notice of appeal filed March 5, 2004 was not a timely challenge to the August 12, 2003 order establishing the father's support obligations. Therefore, we lack jurisdiction to consider this appeal.
Appeal dismissed.
This cause is dismissed.
It is, therefore, ordered that appellee recover of appellant its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J. and McMonagle, J. concur