JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Aaron Holland, appeals from two judgments of the trial court. The first, entered on February 20, 2007, subsequent to a jury trial finding Holland guilty of two counts of gross sexual imposition, sentenced Holland to one year incarceration on each count, to be served concurrently. The second judgment, entered on March 13, 2007, declared Holland to be a sexual and child victim predator.
 {¶ 2} Holland raises six assignments of error. Assignments one through five (set forth in the appendix) assert alleged errors relating to Holland's convictions. We have no jurisdiction to consider these assigned errors, however, because Holland's appeal of the February 20, 2007 judgment entry was untimely.
 {¶ 3} An appeal from a final order must be perfected by filing a notice of appeal within 30 days after the order is entered. App.R. 4(A). This 30-day limit is jurisdictional and cannot be extended. O'Neill v.Crawford, Cuyahoga App. No. 84307, 2004-Ohio-6023, at ¶ 7. When an appeal is untimely filed outside this 30-day time period, the appellate court lacks jurisdiction to consider the merits and the appeal must be dismissed. State ex rel. Pendell v. Adams Cty. Bd. of Elections (1988),40 Ohio St.3d 58, 60.
 {¶ 4} Holland's notice of appeal, filed April 6, 2007, was not a timely challenge to the February 20, 2007 sentencing entry, which was a final appealable order. Presumably, appellant's counsel incorrectly assumed that the February 20, *Page 3 
2007 entry did not become a final appealable order until after the sexual predator hearing and, therefore, did not file a motion for a delayed appeal under App.R. 5(A) with the notice of appeal. A criminal appeal filed out of time requires a motion for delayed appeal. Because the February 20, 2007 was a final appealable order, we lack jurisdiction to consider Holland's appeal, as set forth in assignments of error one through five, regarding his convictions, and therefore dismiss that portion of Holland's appeal.
 {¶ 5} The notice of appeal was timely as to the trial court's March 13, 2007 entry finding Holland to be a sexual predator, and, therefore, we consider Holland's sixth assignment of error, which challenges his classification as a sexual predator.
 {¶ 6} A sexual predator is defined as a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E).
 {¶ 7} In making a determination whether an offender is a sexual predator, the trial court must consider all relevant factors, including, but not limited to: 1) the offender's age; 2) the offender's prior criminal record; 3) the age of the victim; 4) whether the offense involved multiple victims; 5) whether the offender used drugs or alcohol to impair the victim; 6) whether the offender completed any sentence imposed for a prior criminal offense or participated in available programs for sexual offenders; 7) any mental illness or mental disability of the offender; 8) the nature of *Page 4 
the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim, and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; 9) whether the offender, during the offense, displayed cruelty or made one or more threats of cruelty; and 10) any additional behavioral characteristics that contributed to the offender's conduct. R.C. 2950.09(B)(3).
 {¶ 8} The trial court is to consider the statutory factors listed in R.C. 2950.09(B)(3), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. State v. Thompson (2001),92 Ohio St.3d 584, 588. Then, considering the relevant factors, the trial court "shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(C)(2)(c). Clear and convincing evidence is that degree of proof that will produce in the mind of the factfinder a firm conviction that the allegations are true. See Cross v. Ledford (1954), 161 Ohio St. 469, 477. Where the proof must be clear and convincing, an appellate court examines the record to determine whether sufficient evidence exits to satisfy the requisite degree of proof. State v. Schiebel (1990), 55 Ohio St.3d 71, 74.
 {¶ 9} Here, the trial court discussed on the record the evidence and factors that led to its decision to designate Holland as a sexual predator. We conclude from our review of the record that there was sufficient evidence to support the trial court's *Page 5 
adjudication of Holland as a sexual predator. As the trial court noted, the age of the victims and Holland's relationship to them were significant factors in its finding. Both victims were under age five at the time of the offenses, and both attended the home daycare operated by Holland's wife. One victim was Holland's biological granddaughter; the other victim called him "Uncle." In addition, although the Static-99 test indicated that Holland had a low risk to reoffend, he had prior criminal offenses, a "long history" of various drug abuse problems, and "numerous dysfunctional sexual relationships" with former wives and girlfriends. In light of this evidence, we conclude there was sufficient credible evidence for the trial court to classify Holland as a sexual predator. His sixth assignment of error is overruled.
 {¶ 10} Appeal of convictions and sentence dismissed; appeal of sexual predator classification affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 6 
ANTHONY O. CALABRESE, JR., P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR. *Page 7 
 APPENDIX
I. The trial court committed plain error in violation of Crim.R. 52 and Evid. R. 601 when it allowed incompetent minor witnesses to testify in violation of appellant's right to due process as guaranteed by Amendments VI and XIV, United States Constitution, and Article I, Section 10, Ohio Constitution.
II. The trial court erred by permitting the admission of hearsay evidence by a social worker in contravention of State v. Brewer(Nov. 16, 2006), Cuyahoga App. No. 87701, and Crawford v.Washington, and violated appellant's right to due process as guaranteed by Amendments VI and XIV, United States Constitution, and Article I, Section 10, Ohio Constitution.
III. Appellant was denied effective assistance of counsel in violation of Amendments VI and XIV, United States Constitution, and Article I, Section 10, Ohio Constitution.
IV. The trial court erred by denying appellant's motion for acquittal pursuant to Crim.R. 29 when the evidence is insufficient to sustain convictions for gross sexual imposition.
V. Appellant's convictions are against the manifest weight of the evidence.
VI. The trial court erred in labeling appellant a sexual predator when the evidence is insufficient to prove by "clear and convincing" evidence that appellant is "likely to engage in the future in one or more sexually oriented offenses." *Page 1