[Cite as *State v. Heina*, 2011-Ohio-4995.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 11CA0004-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DEAN A. HEINA | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 99CR0012 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2011

MOORE, Judge.

{¶1}    Appellant, Dean Heina, appeals his conviction of the Medina County Court of Common Pleas. This Court dismisses the appeal as untimely.

I.

{¶2}    On April 16, 1999, Heina was sentenced to an aggregate term of nineteen years of incarceration on his guilty pleas to the charges of involuntary manslaughter and kidnapping.

{¶3}    On November 22, 2010, the trial court held a resentencing hearing, purporting to correct the imposition of postrelease control. On December 10, 2010, the Medina County Clerk of Court entered upon the record the trial court's resentencing entry. On December 14, 2010, the Clerk sent a "Certified Copy of Sentence" to the Bureau of Sentence Computation. On January 10, 2011, the trial court issued a nunc pro tunc judgment entry, relating back to the December 10, 2010 resentencing judgment entry, wherein the court corrected the credit for Heina's time served.

{¶4}    Heina filed a notice of appeal on January 11, 2011, stating his appeal was taken from the December 14, 2010 "final judgment."  Heina attached the "Certified Copy of Sentence" of December 14, 2010 to his brief and raises one assignment of error.

## II.

"THE SENTENCING COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES FOR [HEINA]'S KIDNAPPING AND INVOLUNTARY MANSLAUGHTER PURSUANT TO AN AGREED PLEA AGREEMENT, WHERE THOSE KIDNAPPING AND INVOLUNTARY MANSLAUGHTER OFFENSES WERE ALLIED OFFENSES OF SIMILAR IMPORT WHICH MERGED FOR PURPOSES OF SENTENCING PURSUANT TO R.C. 2941.25."

{¶5}    In his sole assignment of error, Heina argues that the trial court erred by failing to merge his sentences for manslaughter and kidnapping.  We decline to reach the merits of Heina's only assignment of error.

{¶6}    App.R. 4(A) provides that "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the later of the entry of judgment or order appealed[.]"  This Court has held that "[t]he time requirement of App.R. 4(A) is jurisdictional and may not be extended." *State v. Thomas*, 9th Dist. No. 21472, 2004-Ohio-964, at ¶7, citing *Ditmars v. Ditmars* (1984), 16 Ohio App.3d 174, 175.

{¶7}    Here, the resentencing entry was entered upon the record on December 10, 2010, notwithstanding Heina's focus on the Certified Copy of Sentence from December 14, 2010.  Thirty days thereafter was Sunday, January 9, 2011.  Pursuant to App.R. 14(A), when the last day of a time period set forth in the Appellate Rules falls on a Saturday, Sunday, or legal holiday, the applicable period "runs until the end of the next day which is not a Saturday, Sunday or a legal holiday."  Thus, the deadline for Heina to file his notice of appeal was the close of

business on Monday, January 10, 2011. Heina filed his appeal on Tuesday, January 11, 2011. As the appeal is untimely, this Court is divested of jurisdiction to consider the merits.

Appeal dismissed.

_____

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

BELFANCE, P. J.
CARR, J.
CONCUR

APPEARANCES:

FRANK C. GASPER, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.