SHEARSON, HAYDEN & STONE, INC., APPELLEE, *v.* STEINER, APPELLANT.

(No. 6241—Decided August 20, 1979.)

*Mr. Roger J. Makely,* for appellee.
*Mr. James R. Kirkland,* for appellant.

PHILLIPS, J.   This cause was decided in the trial court on a ruling in favor of the plaintiff-appellee, Shearson, Hayden & Stone, Inc., on its motion for summary judgment. The judgment was filed on November 22, 1978. The last paragraph of that judgment reads as follows: "This order is intended as a Final Order from which an appeal may be taken."

The order granted judgment in favor of the plaintiff in the sum of $21,864.50, together with interest and costs, and dismissed the counterclaim of the defendant-appellant, Clifford J. Steiner, against the plaintiff. In view of the foregoing, there would seem to be little or not doubt that the entry of November 22, 1978, was a final appealable order.

Subsequent thereto, on December 6, 1978, defendant filed a motion pursuant to Civ. R. 59. The first paragraph of that motion reads as follows:

"Now comes the Defendant, Clifford Steiner, by and through his counsel moves the Court for [a] new trial, new hearing, in accordance with Civil Rule 59 and for reconsideration of the Court's decision based upon the following premises."

A Notice of Appeal was filed on December 26, 1978, which reads in its entirety as follows:

"Notice is hereby given that Clifford J. Steiner, Defendant, hereby appeals to the Second District Court of Appeals of Montgomery County, Ohio, from the Decision and Order filed on November 22, 1978."

The Notice of Appeal on its face makes clear that it was not filed within the 30-day period provided in App. R. 4(A). The question before this court, then, is whether the purported motion for a new trial, filed on December 6, 1978, tolled the running of the time for filing a notice of appeal. It may be noted that the motion was filed timely. Civ. R. 59(B).

The problem, which has been addressed previously by this court, is whether a motion for a new trial may be filed following a final order rendered in a summary judgment proceeding. The answer to that question lies in an analysis of summary judgment proceedings. A similar question was before the Supreme Court of Iowa in *Union Trust & Savings Bank* v. *Stanwood Feed & Grain* (1968), 158 N.W. 2d 1. In that case, pursuant to two motions, judgment had been entered in favor of the defendants-appellees on January 20, 1967. A motion for a new trial was filed, and upon overruling of same, a notice of appeal was filed. The notice of appeal was filed more than 30 days from the original order. The court held, at pages 2 to 3, as follows:

"We hold plaintiff's challenge to the order of January 20, 1967, may not be raised by motion for new trial. A trial is defined in rule 176, R.C.P., as follows, 'A trial is a judicial examination of issues in an action, whether of law or fact. Issues arise where a *pleading* of one party maintains a claim controverted by an adverse party. Issues are either of law or fact. An issue of fact arises on the material allegation of fact in a *pleading* which is denied in an adversary's *pleading* or by operation of law***[.]' Rule 109, R.C.P., provides, 'A motion is an application made by any party or interested person for an order. It may contain several objects which grow out of, or are connected with, the action. It is not a "pleading".'***[Emphasis and omissions *sic.*]

"Clearly the determination by the trial court of the matters raised by intervenor's motion to dismiss was not a trial,

since a trial is limited to issues raised by pleadings and rule 109 specifically points out a motion is not a pleading.

"It follows alleged errors in such an order may not be tested by a motion for new trial.***"

The court then dismissed the appeal. While the definitions in Ohio may be slightly different, it seems to us that the principles remain the same. The question of the nature of summary judgment proceedings has been addressed by several authorities which offer guidance to the court:

"***It has been held that inasmuch as a summary judgment proceeding is not a 'trial,' a summary judgment may not be attacked by a motion for a new trial." 73 American Jurisprudence 2d 768, Summary Judgment, Section 40.

"***Thus, summary judgment procedure is a method for the proper disposition of actions in which there is no genuine issue as to a material fact. Such procedure is not to be regarded as a trial, but instead as a proceeding for the determination of whether or not there is a genuine issue to be tried." 32A Ohio Jurisprudence 2d 410, 412, Judgments, Section 885.

The Supreme Court of Ohio has spoken on the question thusly:

"It is important to remember that a summary judgment proceeding is not a trial, but a hearing upon a motion.***" *Morris* v. *First National Bank & Trust Co.* (1968), 15 Ohio St. 2d 184, 185.

This court has likewise reviewed the question in the recent case of *Carpenter* v. *Lipker* (Montgomery Co. Ct. of Appeals No. 6443, August 1, 1979), unreported. In that case summary judgment had been granted on April 6, 1979, and a motion for a new trial and rehearing was filed on April 23, 1979. The motion for a new trial, of course, was not timely. Nonetheless, this court discussed the question as to whether the motion for a new trial could be considered as tolling the time period in App. R. 4(A). We said at that time:

"Here there was no trial and it is a fiction to ask for a new one. The issue in summary judgment is one of law based upon the absence of a disputed fact. In that situation any motion for relief is for reconsideration of the law and not for a new trial and not for rehearing of the facts. If additional facts could be

submitted, this would destroy the schedule and procedure for submission under the summary judgment rule. Requests for relief to the trial court from a summary judgment fall within a discretionary area of further review of the law and such requests, however labeled, do not effect the finality of the judgment rendered.

"Therefore the trial court was correct in considering the motion one for reconsideration. Labeling it a motion for new trial and rehearing was a misnomer and in no way equated it with a motion for new trial. The incorrect label did not trigger such motion into a motion for 'another' trial or for an additional hearing on the facts.

"We agree that the substance rather than the label controls the nature of a request to the court. Thus, after a trial is conducted a motion mistakenly labeled may be considered a motion for new trial. Here, the nature of the request when there was no trial does not support such consideration."

In view of the foregoing, we find that the motion for a new trial was a nullity and of no legal significance. Defendant, therefore, had 30 days in which to file his notice of appeal, running from the journalization of the judgment on November 22, 1978. Not having filed his notice of appeal within such time, this court is without jurisdiction to proceed with the matter.

The within cause is hereby dismissed.

*Appeal dismissed.*

McBRIDE, P. J., and KERNS, J., concur.