BROWN ET AL., APPELLEES, *v.* COFFMAN, N.K.A. KINGERY, APPELLANT.

(No. 8206—Decided December 14, 1983.)

*Messrs. Lang, Horenstein & Dunlevey, Mr. Paul B. Roderer* and *Mr. Stephen A. Watring,* for appellees.

*Ruppert, Bronson & Chicarelli Co., L.P.A.,* and *Mr. Christopher J. Cornyn,* for appellant.

BROGAN, P.J. Appellant, Rebecca L. Coffman, appeals from a judgment of the Court of Common Pleas of Montgomery County denying her motion for new trial filed pursuant to Civ. R. 59.

On December 3, 1981, appellees, Jack E. Brown and Bellbrook Tavern, Inc., obtained a judgment for $54,400 upon a cognovit note between the parties and upon Joel R. Williams; by virtue of a warrant of attorney, judgment in that amount was confessed.

Notice of the judgment was mailed by certified mail by the Clerk of Courts of Montgomery County to appellant at her last known address as set forth in the caption of the complaint. The notice was returned by the post office as "unclaimed."

On January 15, 1982, the court entered an order in aid of execution of the judgment transferring the liquor license in the name of appellant and her husband to appellee, Jack E. Brown.

Neither judgment was directly appealed, but on July 20, 1982, appellant moved to vacate the judgments pursuant to Civ. R. 60(B). On November 15, 1982, after a hearing was conducted on the motion, the trial court overruled the motion to vacate the judgments. On December 1, 1982, the court journalized its decision by judgment entry. On December 15, 1982, appellant moved for a new trial pursuant to Civ. R. 59 for the "reason that the court's judgment is not sustained by the weight of the evidence." On January 13, 1983, the trial court overruled the motion for new trial. On February 11, 1983, appellant filed a notice of appeal to this court from the January 13, 1983 judgment.

This court held in *Shearson, Hayden & Stone* v. *Steiner* (1979), 66 Ohio App. 2d 10 [20 O.O.3d 34], that Civ. R. 59 (motion for new trial) does not apply to summary judgment; hence, the filing of a motion for a new trial from the entry of summary judgment does not toll the thirty-day time period for the filing of an appeal pursuant to App. R. 4(A).

The Supreme Court, in *Morris* v. *First Natl. Bank & Trust Co.* (1968), 15 Ohio St. 2d 184, 185 [44 O.O.2d 153], stated in this regard:

"It is important to remember that a summary judgment proceeding is not a trial, but a hearing upon a motion."

A hearing conducted pursuant to a motion for Civ. R. 60(B) relief is not a trial. R.C. 2311.01 defines trial as "* * * a judicial examination of the issues, whether of law or of fact, in an action or proceeding." The word "trial" is not defined in the Ohio Rules of Civil Procedure. This is due largely to the absence of such a definition in the Federal Rules of Civil Procedure. The Ohio Rules were drafted using the Federal Rules as a model and are substantially similar. An "issue" is defined by the Revised Code as an averment arising from the "pleadings" of one of the parties and controverted by the other. R.C. 2311.02. "Pleadings" is defined by Civ. R. 7(A) to include the complaint, answer, cross-claims, counterclaims, third-party claims, and their corresponding replies. Since a trial must necessarily involve the examination of issues, and since issues may only be raised in the pleadings, it follows that a trial must be initiated by one or more of the pleadings. See Carroll, The Meaning of the Term "Trial" within the Ohio Rules of Civil Procedure (1976), 25 Cleve. St. L. Rev. 515.

A hearing, on the other hand, is initiated by a motion to the court. Civ. R. 7(B) governs the making of motions. When a motion is made, the judge may either dispose of it immediately or schedule it for hearing. R.C. 2311.09. A pleading, while filed with the court, is directed primarily to the opposing party for the purpose of making or responding to a particular allegation. It is apparent, both by definition and by separate treatment in the rules, that the drafters of the Ohio Civil Rules intended pleadings and motions to be distinct types of documents. Thus, it would seem that a trial could be distinguished from a hearing by merely looking to the method by which the particular proceeding was commenced. Carroll, *supra,* at 518.

An examination of the grounds for a new trial under Civ. R. 59(A) suggests that the drafters of the rule contemplated the term "trial" in its conventional sense, that is, an adversary proceeding, including pleadings, opening statements, presentation of evidence, closing arguments, and submission to the court or jury for final determination. See, also, R.C. 2315.01.

In short, we believe a judgment made upon a Civ. R. 60(B) motion is not the basis for a motion for a new trial. Appellant's remedy was to appeal the denial of the motion to vacate pursuant to App. R. 4(B). Having failed to do so in a timely manner, this court is without jurisdiction to entertain this appeal. *Bosco* v. *Euclid* (1974), 38 Ohio App. 2d 40, 42-43 [67 O.O.2d 209].

This appeal is therefore dismissed.

*Appeal dismissed.*

KERNS and ZIEGEL, JJ., concur.

ZIEGEL, J., retired, of the Court of Common Pleas of Preble County, sitting by assignment in the Second Appellate District.