JOURNAL ENTRY and OPINION
{¶ 1} Appellant Edward Holleran appeals from the trial court's order denying his motion to vacate a cognovit judgment, motion to dismiss for lack of subject matter jurisdiction, and motion for sanctions. Holleran assigns nine errors for our review.[1]
 {¶ 2} After reviewing the record and pertinent law, we affirm the trial court's judgment. The apposite facts follow.
 {¶ 3} On October 13, 1997, Holleran and D'Agnese entered into a stock purchase agreement in which Holleran received 80 shares of common stock in Bio Rem of Ohio, an Ohio corporation. D'Agnese was president and majority owner of Bio Rem. This agreement enabled Holleran to become 17 percent owner of Bio Rem.
 {¶ 4} On the date the purchase agreement was entered into, an escrow agreement and a cognovit note with an answer and warrant of attorney were also signed by the parties.
 {¶ 5} The purchase price of the stock was $33,600, which was secured by the cognovit note. The amount was to be paid in sixty monthly installments at the rate of 8 percent per annum. Holleran made two cash payments and also received credit for monetary payments for work he had done until July 1998. Thereafter, no payments were made.
 {¶ 6} On May 23, 2001, D'Agnese filed a complaint seeking a cognovit judgment in the amount of $29,855.20 with interest at 8% per annum, and a warrant of attorney to confess judgment. The trial court issued a cognovit judgment in his favor on that same day.
 {¶ 7} On June 10, 2001, Holleran filed a motion to vacate the cognovit judgment, arguing that he never received notice of the filing of the complaint, contended he discontinued payment on the note because he could not obtain the stock, which remained in escrow, until full payment was made, the transaction was not an arms length transaction, and, the complaint was invalid since it did not have an attached accounting.
 {¶ 8} An evidentiary hearing regarding the motion was set for August 30, 2001. However, because the case was reassigned to a different judge due to a conflict of interest, the hearing was reset for November 29, 2001. The trial court also granted leave to Holleran to file a motion for sanctions by November 6, 2001.
 {¶ 9} On November 14, 2001, Holleran filed a consolidated motion consisting of a motion for sanctions, another motion to vacate, a motion to dismiss for lack of subject matter jurisdiction, and a motion to strike the complaint and answer. In this consolidated motion, Holleran argued the complaint was invalid because it failed to attach the entire agreement and accounting of sum due; argued the matter should be dismissed due to lack of subject matter jurisdiction because the note was based on a consumer loan, was a consumer transaction, and a note for purchase of stock is not valid consideration; and requested attorney fees and sanctions for the bad faith filing of the cognovit complaint.
 {¶ 10} D'Agnese filed a motion to strike the consolidated motion, arguing Holleran failed to file a motion for extension of time to file the motion for sanctions beyond the date set by the court and failed to file a motion for leave to file the additional motions.
 {¶ 11} The hearing set for November 29, 2001 was reset for February 1, 2002 due to the trial court's busy schedule. Because neither Holleran or his attorney appeared for the hearing, the court dismissed the motion for relief from judgment for want of prosecution.
 {¶ 12} On February 11, 2002, Holleran filed a motion for a new trial in which he argued he was entitled to a new evidentiary hearing because he did not receive notice of the hearing. He also filed another motion to vacate the cognovit note judgment and dismissal for lack of subject matter jurisdiction, arguing the same arguments he argued in his previous motions.
 {¶ 13} D'Agnese opposed the motion arguing res judicata prevented Holleran from raising issues that were presented in the original motion, which was dismissed. D'Agnese also argued that the trial court did have subject matter jurisdiction because the loan was for a business transaction in which Holleran purchased stock in order to obtain 17% ownership in Bio Rem.
 {¶ 14} On May 24, 2002, Holleran filed a motion for summary judgment on his motion to dismiss for lack of subject matter jurisdiction. D'Agnese opposed the motion, arguing it was not proper legal procedure and that such a motion was filed out of rule because no leave was sought.
 {¶ 15} On July 3, 2003, Holleran refiled his motion for sanctions based on D'Agnese's failure to attach the appropriate documents to the complaint. D'Agnese opposed the sanctions on res judicata grounds.
 {¶ 16} On July 31, 2003, the trial court denied all the pending motions without opinion.
 {¶ 17} Holleran's first four assigned errors will be addressed together because they all argue the cognovit judgment was invalid because D'Agnese failed to attach the requisite documents to the complaint.
 {¶ 18} We conclude Holleran's time to appeal the issues he raised in his motion to vacate has expired. The trial court record indicates that on June 11, 2001, Holleran filed a motion to vacate the cognovit judgment, arguing the complaint was invalid for the various reasons he now asserts on appeal. The matter was set for an evidentiary hearing. Because neither Holleran nor his counsel appeared for the hearing, the trial court issued an order on February 11, 2002, dismissing Holleran's motion to vacate for failure to prosecute. Civ.R. 41 governs the effect to be given to the dismissal of an action. Pursuant to Civ.R. 41(B)(3), a dismissal for failure to prosecute operates as an adjudication on the merits, unless the court's order states otherwise.[2] Because the trial court failed to designate the order was without prejudice, the dismissal was with prejudice and therefore was a final appealable order.
 {¶ 19} Holleran did not file a direct appeal from the dismissal. App.R. 4(A) requires that a notice of appeal be filed within thirty days of the date of the judgment appealed from. This requirement is jurisdictional and may not be extended by the appellate court.[3] Because Holleran's appeal from the dismissal was filed a year and a half later, this court lacks jurisdiction to entertain his appeal regarding the arguments contained in the motion to vacate.
 {¶ 20} The second motion to vacate does not resolve the jurisdictional problem, because res judicata prevented Holleran from reasserting the arguments that were raised or could have been raised in the first motion to vacate. "Principles of res judicata prevent relief on successive, similar motions [to vacate] raising issues which were or could have been raised originally."[4]
 {¶ 21} For this reason, Holleran's first four assigned errors are dismissed.[5]
 {¶ 22} Holleran argues in his fifth, sixth and seventh assigned errors the trial court erred by not dismissing the cognovit judgment for lack of subject matter jurisdiction. Holleran argues the sum advanced for the stock constituted a "consumer transaction" under R.C. 2323.13(E)(2), was a consumer loan, and that a note cannot constitute consideration for the purchase of stock.[6]
 {¶ 23} The standard of review for a motion to dismiss, pursuant to Civ.R. 12(B)(1), lack of subject matter jurisdiction, is "whether any cause of action cognizable by the forum has been raised in the complaint."[7] On appeal, an appellate court considers the issue de novo, reviewing the issue independently of the trial court's decision.[8] Where necessary, our de novo review of a Civ.R. 12(B)(1) motion utilizes the entire record. This differs from the review for a motion to dismiss for failure to state a claim, which is limited to the facts alleged in the complaint.[9]
 {¶ 24} A cognovit note is a legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney designated by the holder.[10] Often, judgment on a cognovit note is entered pursuant to a warrant of attorney. "A warrant of attorney consented to by a debtor provides for a waiver of prejudgment notice and hearing."[11]
 {¶ 25} Revised Code 2323.13(E) prohibits a warrant of attorney to confess judgment when the note arises out of a consumer loan or transaction.[12] The Ohio Supreme Court has held that a judgment entered on a cognovit note that arises out of a consumer transaction is void and must be vacated for lack of subject matter jurisdiction.[13] R.C. 2323.13(E)(2) defines a consumer transaction as a:
 {¶ 26} "transfer of an item of goods, a service, franchise, or an intangible, to an individual for purposes that are primarily personal, family, educational, or household."
 {¶ 27} Holleran argues his purpose in purchasing the stock was for personal financial security and that the purchase therefore has a personal or family purpose. We find no merit to this argument because almost all business dealings have the objective of reaping financial gain that will offer future personal financial security. This court in Ginn v.Eaton[14] in holding that attorney fees incurred for the acquiring of a corporation constituted a business not legal purpose, held "the statute clearly states that it is the purpose of the services which controls." Although Holleran cites to this court's decision in Dodick v. Dodick[15] in which we held a loan for the purchase of a house constitutes a personal loan, the purpose of such a loan was clearly for "household" or "family" purposes because it provided a home for the appellant and her children.
 {¶ 28} The purpose of the transaction between Holleran and D'Agnese, however, was to enable Holleran to become part owner of a closed corporation. This was achieved by D'Agnese selling 80 shares of stock to Holleran, thereby making him 17% owner of the corporation. This not only allowed Holleran to receive dividends for profits the company makes, but also gave him a voice in the management and operation of the business. Because the subject of the note was purely a business transaction, the trial court clearly had subject matter jurisdiction to issue judgment on the note.
 {¶ 29} Holleran also argues the trial court lacked jurisdiction to enter judgment because a note cannot constitute consideration for the purchase of stock under R.C. 1701.18(B). Holleran relies on this court's opinion of State ex rel.Cullitan v. Stookey[16] in support of this proposition. Our reading of Stookey indicates that lack of consideration in support of the note would not deprive the trial court of subject matter jurisdiction. The trial court clearly has jurisdiction to issue cognovit note judgments and to determine their validity. As the court in O'Connor v. O'Connor[17] held in addressing a situation in which the appellant argued the trial court lacked subject matter jurisdiction over the cognovit note because the assignment of the note was invalid:
 {¶ 30} "This is nothing more than saying that a court does not have jurisdiction to commit error — a wholly unsupportable position. The mere fact of wrongly deciding a case does not render the court's judgment void, nor does the error retroactively operate to deprive the court of subject matter jurisdiction in the first instance."[18]
 {¶ 31} Therefore, because Holleran's argument that the lack of consideration on the note does not involve subject matter jurisdiction, Holleran should have raised this argument in his first motion to vacate. Res judicata prevents him from doing so in a separate, successive motion.[19]
 {¶ 32} Furthermore, although a note does not constitute sufficient consideration for publicly traded stock pursuant to R.C. 1701.18(B), we find the purchase of stock of a closed corporation is different. The purchase of stock of a closed corporation not only gives Holleran the possibility of future dividends if a profit is made, but also enables him to participate in the management and operation of the business as part owner, which would constitute consideration for the stock.
 {¶ 33} Holleran's fifth, sixth and seventh assigned errors are overruled.
 {¶ 34} In his eighth assigned error, Holleran argues the trial court erred by denying his motion for sanctions without first conducting a hearing.
 {¶ 35} This court held in Pisani v. Pisani[20] that the claimant must demonstrate actual merit before a trial court has the duty to conduct a hearing on a motion for sanctions:
 {¶ 36} "* * * a hearing is mandatory under R.C. 2323.51 only when sanctions are imposed and is not necessary when the court determines, upon consideration of the motion and in its discretion, that it lacks merit."[21]
 {¶ 37} A determination that a motion for sanctions lacks merit is reviewed for an abuse of discretion.[22] An "`abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[23]
 {¶ 38} Based on the record before us, we conclude the trial court did not abuse its discretion in denying Holleran's motion for sanctions without first conducting a hearing. The basis for Holleran's contentions that the complaint was frivolously filed was because the appropriate documents were not attached to the complaint and because the trial court was without jurisdiction to enter judgment.
 {¶ 39} As we discussed above, the trial court dismissed Holleran's motion to vacate, which raised the technical deficiencies of the complaint. Therefore, the court could not award sanctions based on the failure to attach the appropriate documents.
 {¶ 40} As we also discussed above, the trial court clearly had subject matter over the complaint. Therefore, there was no basis for Holleran's argument that the complaint was frivolously filed with a court lacking subject matter jurisdiction.
 {¶ 41} Accordingly, Holleran's eighth assigned error is overruled.
 {¶ 42} In his ninth assigned error, Holleran argues the trial court erred by dismissing his Civ.R. 60(B) motion when there was no evidence he acted in bad faith or engaged in willful misconduct.
 {¶ 43} As we stated in the disposition of the first four assigned errors, Holleran failed to file a timely notice of appeal from the trial court's dismissal of his motion to vacate. Therefore, we are without jurisdiction to consider this assigned error.
 {¶ 44} Holleran's ninth assigned error is accordingly dismissed.
 {¶ 45} The judgment is affirmed.
Judgment affirmed.
 Gallagher and Calabrese, JR., JJ., concur.
 APPENDIX ASSIGNMENTS OF ERROR
"I. The judgment of the trial court is void and a nullity due to denial of basic constitutional rights of the appellant by the appellee and the confessing attorney."
"II. The judgment of the trial court is a nullity obtained in violation of the decisions of the Ohio Supreme Court."
"III. The judgment of the trial court is void due to the unconscionable actions [of] the confessing attorney and his failure to adhere to the requirements set forth by the Ohio Supreme Court."
"IV. The Judgment of the trial court is void due to the failure of the plaintiff-appellee to conform his actions to the dictates of the Ohio Revised Code."
"V. The judgment of the trial court is void as the stock purchase agreement lacked the consideration required to consummate a contract."
"VI. The judgment of the trial court is void as the underlying transaction that was the basis for the cognovit note was a consumer transaction."
"VIII. The trial court abused its discretion by failing to hold a hearing on the appellant's demand for sanctions."
"IX. The trial court erred in dismissing the appellant's rule 60(B) motion without a showing on the record of bad faith by the appellant where appellant did not receive notice of a scheduled hearing."
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] See Appendix.
[2] Sexton v. Kidder, Peabody Co., (Aug. 24, 1999), Cuyahoga App. No. 74833.
[3] Ditmars v. Ditmars (1984), 16 Ohio App.3d 174, 175.
[4] Coulson v. Coulson (1983), 5 Ohio St.3d 12, 13, citing,Brick Processors, Inc. v. Culbertson (1981), 2 Ohio App.3d 478, paragraph one of the syllabus.
[5] Holleran did file a motion for a new trial after the trial court dismissed his motion to vacate, however, nowhere in his brief does he argue the trial court erred by failing to grant his motion for a new trial. The court in Brown v. Coffman (1983),13 Ohio App.3d 168 found that judgment rendered upon a Civ.R. 60(B) motion cannot be the basis for a motion for a new trial, since the evidentiary hearing is not a trial. However, the Ohio Supreme Court in First Bank of Marietta v. Mascrete Inc.
(1997), 79 Ohio St.3d 503 found that a hearing under certain circumstances can be the subject of a motion for a new trial.
[6] Despite the fact that Holleran did not successfully vacate the final judgment of the court dismissing his motion to vacate, he is entitled to challenge the judge's subject matter jurisdiction at any time by invoking the court's inherent authority to vacate a void judgment, even after it is entered.Reynolds v. Clark, Cuyahoga App. No 80210, 2002-Ohio-5464.
[7] State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77,80.
[8] Shockey v. Fouty (1995), 106 Ohio App.3d 420, 424.
[9] Brethauer v. Fed. Express Corp. (2001),143 Ohio App.3d 411, 413; Reynolds, supra at ¶ 8.
[10] D.H. Overmyer Co. v. Frick Co. (1972) 405 U.S. 174,92 S.Ct. 775, 31 L.Ed.2d 124.
[11] Fogg v. Friesner (1988), 55 Ohio App.3d 139 at 140.
[12] R.C. 2323.13(E).
[13] Shore West Constr. Co. v. Sroka (1991),61 Ohio St.3d 45; Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph one of syllabus.
[14] (Nov. 3, 1994), Cuyahoga App. No. 66493.
[15] (Jan. 25, 1996), Cuyahoga App. Nos. 67385, and 68588.
[16] (1953), 95 Ohio App. 97.
[17] (June 3, 1985), 5th Dist. No. CA-765.
[18] Id.
[19] Brick Processors, Inc. v. Culbertson (1981),2 Ohio App.3d 478, paragraph one of syllabus.
[20] (1995), 101 Ohio App.3d 83.
[21] See, also, Dickens v. Gen. Acc. Ins. (1997),119 Ohio App.3d 551; First Place Bank v. Stamper, Cuyahoga App. No. 80259, 2002-Ohio-3109; Gregory v. Gottlieb,(Jan. 20, 2000) Cuyahoga App. No. 76740.
[22] See Pisani, supra.
[23] Strongsville Bd. of Educ. v. Zaino 92 Ohio St.3d 488,2001-Ohio-1269.