JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Ronald Lewis Turner, appeals from a Parma Municipal Court order overruling his motion to vacate the default judgment entered against him on the counterclaim filed by defendant, The Headbangers Inc.
 {¶ 2} Appellant filed his complaint in this case on July 9, 2004 seeking compensatory damages of $15,000 from appellee for damage to appellant's vehicle, which appellant had left on appellee's premises for repairs. Appellee answered and counterclaimed, asserting that plaintiff abandoned his vehicle on appellee's premises for 471 days, and was liable to appellee for storage fees. Appellant answered the counterclaim.
 {¶ 3} The court called the case for a pretrial on January 4, 2005. Appellant was not present. The court then entered the following journal entry:
 {¶ 4} "Case called for Pretrial. Plaintiff not present for Pretrial, despite Notice. Defendant was present through Counsel. Plaintiff is found in Default for Failure to appear for Pretrial.
 {¶ 5} "Plaintiff's Complaint is dismissed, without Prejudice, at Plaintiff's costs. Defendant's Counterclaim is set for Default Hearing on February 1, 2005, at 10:30 A.M. Notice to All parties and Counsel."
 {¶ 6} A default hearing was conducted on February 1, 2005 at which appellant also did not appear. The court took evidence and determined that appellee was entitled to judgment on its counterclaim in the amount of $2,591.00 plus costs and interest at five percent per annum. The court further reviewed its dismissal of the complaint, and concluded that the dismissal should have been with prejudice because appellant's claims were previously dismissed without prejudice. Therefore, it dismissed the complaint with prejudice and entered judgment for appellee on the counterclaim for $2591 plus costs and interest at 5% from the date of the judgment, February 7, 2005.
 {¶ 7} Meanwhile, on February 2, 2005, appellant faxed a letter to the court indicating that he had not received notice of the default hearing until January 31, that he had previously been hospitalized for chest pains and had been prescribed bed rest until February 4, 2005. The court entered an order determining that this letter was not a motion and was not timely.
 {¶ 8} On February 14, 2005, appellant filed a motion to vacate the judgment pursuant to Civ.R. 60(B). In his motion, appellant claimed that, on January 31, 2005 at approximately 11:00 a.m., he received notice of a hearing that was to have been held that same day at 10:00 a.m. Based upon this, he argued that his failure to appear was not through his own fault, and asked the court to reschedule the hearing. The court denied this motion on April 5, 2005.
 {¶ 9} Appellant filed a second motion to vacate on April 26, 2005, arguing the same facts that he raised in the prior motion. The court denied this motion on April 28, 2005. Appellant appealed the April 28, 2005 order on May 27, 2005.
 {¶ 10} Appellant's first two assignments of error challenge the entry of default judgment on the counterclaim and the dismissal of his complaint. Unfortunately,[1] these rulings are not before us. Appellant did not timely appeal from the final judgment entered February 7, 2005. The only order from which he timely appealed was the order denying his second motion to vacate. Therefore, this is the only order we can review.
 {¶ 11} "Principles of res judicata prevent relief on successive, similar motions [to vacate] raising issues which were or could have been raised originally." Coulson v. Coulson
(1983), 5 Ohio St.3d 12, 13; also see Brick Processors, Inc. v.Culbertson (1981), 5 Ohio St.3d 12; D'Agnese v. Halloran,
Cuyahoga App. No. 83367, 2004-Ohio-1795. In this case, the second motion filed by appellant raised exactly the same issues appellant raised in his first motion. Consequently, the court did not abuse its discretion by denying the second motion on res judicata grounds.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. and Corrigan, J. concur.
[1] The court's power to dismiss a case for want of prosecution is discretionary. However, the court abuses that discretion when it dismisses a case without providing the plaintiff with prior notice and an opportunity to explain his default or to correct it, or to argue why the case should not be dismissed. Logsdon v.Nichols, 72 Ohio St.3d 124, 1995-Ohio-225; Sangster v. Dunn
(Aug. 14, 1997), Cuyahoga App. No. 71617. The purpose of the notice — to provide the plaintiff with an opportunity to respond — is not met by a warning (such as that given in this case) that failure to appear for a pretrial could result in dismissal of the complaint for want of prosecution. See, e.g., Weiler v.Department of Liquor Control (June 27, 1995), Franklin App. 95API01-126, and cases cited therein. Plaintiff did not appeal the dismissal of his complaint or the default judgment, however, so we have no jurisdiction to reverse these rulings.