JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Edward Holleran ("Holleran"), appeals the trial court's denial of his "motion to void judgment." Finding no merit to the appeal, we affirm.
 {¶ 2} The apposite facts are aptly stated in Holleran's previous appeal, D'Agnese v. Holleran ("Holleran I"), Cuyahoga App. No. 83367, 2004-Ohio-1795, and are as follows:
"On October 13, 1997, Holleran and D'Agnese entered into a stock purchase agreement in which Holleran received 80 shares of common stock in Bio Rem of Ohio, an Ohio corporation. D'Agnese was president and majority owner of Bio Rem. This agreement enabled Holleran to become 17 percent owner of Bio Rem.
On the date the purchase agreement was entered into, an escrow agreement and a cognovit note with an answer and warrant of attorney were also signed by the parties.
The purchase price of the stock was $33,600, which was secured by the cognovit note. The amount was to be paid in sixty monthly installments at the rate of 8 percent per annum. Holleran made two cash payments and also received credit for monetary payments for work he had done until July 1998. Thereafter, no payments were made.
On May 23, 2001, D'Agnese filed a complaint seeking a cognovit judgment in the amount of $29,855.20 with interest at 8% per annum, and a warrant of attorney to confess judgment. The trial court issued a cognovit judgment in his favor on that same day.
On June 10, 2001, Holleran filed a motion to vacate the cognovit judgment, arguing that he never received notice of the filing of the complaint, contended he discontinued payment on the note because he could not obtain the stock, which remained in escrow, until full payment was made, the transaction was not an arms length transaction, and, the complaint was invalid since it did not have an attached accounting.
An evidentiary hearing regarding the motion was set for August 30, 2001. However, because the case was reassigned to a different judge due to a conflict of interest, the hearing was reset for November 29, 2001. The trial court also granted leave to Holleran to file a motion for sanctions by November 6, 2001.
On November 14, 2001, Holleran filed a consolidated motion consisting of a motion for sanctions, another motion to vacate, a motion to dismiss for lack of subject matter jurisdiction, and a motion to strike the complaint and answer. In this consolidated motion, Holleran argued the complaint was invalid because it failed to attach the entire agreement and accounting of sum due; argued the matter should be dismissed due to lack of subject matter jurisdiction because the note was based on a consumer loan, was a consumer transaction, and a note for purchase of stock is not valid consideration; and requested attorney fees and sanctions for the bad faith filing of the cognovit complaint.
D'Agnese filed a motion to strike the consolidated motion, arguing Holleran failed to file a motion for extension of time to file the motion for sanctions beyond the date set by the court and failed to file a motion for leave to file the additional motions.
The hearing set for November 29, 2001 was reset for February 1, 2002 due to the trial court's busy schedule. Because neither Holleran or his attorney appeared for the hearing, the court dismissed the motion for relief from judgment for want of prosecution.
On February 11, 2002, Holleran filed a motion for a new trial in which he argued he was entitled to a new evidentiary hearing because he did not receive notice of the hearing. He also filed another motion to vacate the cognovit note judgment and dismissal for lack of subject matter jurisdiction, arguing the same arguments he argued in his previous motions.
D'Agnese opposed the motion arguing res judicata prevented Holleran from raising issues that were presented in the original motion, which was dismissed. D'Agnese also argued that the trial court did have subject matter jurisdiction because the loan was for a business transaction in which Holleran purchased stock in order to obtain 17% ownership in Bio Rem.
On May 24, 2002, Holleran filed a motion for summary judgment on his motion to dismiss for lack of subject matter jurisdiction. D'Agnese opposed the motion, arguing it was not proper legal procedure and that such a motion was filed out of rule because no leave was sought.
On July 3, 2003, Holleran refiled his motion for sanctions based on D'Agnese's failure to attach the appropriate documents to the complaint. D'Agnese opposed the sanctions on res judicata grounds.
On July 31, 2003, the trial court denied all the pending motions without opinion."
 {¶ 3} Holleran appealed the trial court's July 2003 decision, raising nine assignments of error. We affirmed and ordered the judgment into execution.
 {¶ 4} In January 2005, plaintiff-appellee Daniel D'Agnese ("D'Agnese") filed for an order in aid of execution because Holleran still had not paid the outstanding judgment. Holleran responded by filing a demand to strike the order, which the trial court denied. Holleran then filed a motion to void the judgment, arguing that the contract was void for lack of consideration. D'Agnese opposed the motion, arguing that Holleran's claims were again barred by res judicata. The trial court denied Holleran's latest attempt for relief. This appeal follows.
 {¶ 5} Holleran raises six assignments of error in the instant appeal, set forth in the appendix. We need not reach the merits of Holleran's claims because they are barred by res judicata.
 {¶ 6} The doctrine of res judicata prevents repeated attacks on a final judgment and applies to all issues which were or might have been litigated. Rogers v. Whitehall (1986),25 Ohio St.3d 67, 494 N.E.2d 1387. "Principles of res judicata prevent relief on successive, similar motions raising issues which were or could have been raised originally." Holleran I, supra at ¶ 20, citing, Coulson v. Coulson (1983), 5 Ohio St.3d 12, 13,448 N.E.2d 809. Further, where a new motion simply rephrases issues previously raised and where the facts alleged in the second motion were available to the appellant at the time he filed his earlier motion, the principles of res judicata bar the later motion. Bahgat v. Bahgat (Dec. 6, 1984), Franklin App. No. 83AP-469.
 {¶ 7} In 2001, Holleran first attacked the validity of the cognovit judgment by filing two motions to vacate the judgment pursuant to Civ. R. 60(B). In Holleran I, supra at ¶ 18-20, we stated:
"We conclude Holleran's time to appeal the issues he raised in his motion to vacate has expired. The trial court record indicates that on June 11, 2001, Holleran filed a motion to vacate the cognovit judgment, arguing the complaint was invalid for the various reasons he now asserts on appeal. The matter was set for an evidentiary hearing. Because neither Holleran nor his counsel appeared for the hearing, the trial court issued an order on February 11, 2002, dismissing Holleran's motion to vacate for failure to prosecute. Civ.R. 41 governs the effect to be given to the dismissal of an action. Pursuant to Civ.R. 41(B)(3), a dismissal for failure to prosecute operates as an adjudication on the merits, unless the court's order states otherwise. [Sextonv. Kidder, Peabody Co. (Aug. 24, 1999), Cuyahoga App. No. 74833]. Because the trial court failed to designate the order was without prejudice, the dismissal was with prejudice and therefore was a final appealable order.
Holleran did not file a direct appeal from the dismissal. App.R. 4(A) requires that a notice of appeal be filed within thirty days of the date of the judgment appealed from. This requirement is jurisdictional and may not be extended by the appellate court. [Ditmars v. Ditmars (1984),16 Ohio App.3d 174, 175, 475 N.E.2d 164]. Because Holleran's appeal from the dismissal was filed a year and a half later, this court lacks jurisdiction to entertain his appeal regarding the arguments contained in the motion to vacate.
The second motion to vacate does not resolve the jurisdictional problem, because res judicata prevented Holleran from reasserting the arguments that were raised or could have been raised in the first motion to vacate."
 {¶ 8} In the instant appeal, Holleran asserts that his new attack on the cognovit judgment, a "motion to void the judgment," is somehow a different and non-collateral attack on the judgment against him. Holleran, however, cannot simply rephrase the language of a motion in an effort to start the appeal time anew, nor do we find any merit to the claim that he can now challenge the validity of the stock purchase agreement that he and D'Agnese executed in 1997. If Holleran wanted to challenge the stock purchase agreement, he could have done so previously in his 2001 motion to vacate the cognovit judgment instead of attempting to bootstrap it to the current order in aid of execution. Also, if Holleran was dissatisfied with this court's decision in HolleranI, it was incumbent upon him to appeal that decision to the Ohio Supreme Court. He chose not to pursue that avenue and is now barred from another attack on the cognovit judgment.
 {¶ 9} Simply put, Holleran has previously claimed and is again trying to argue that the cognovit judgment is invalid, hoping that by rephrasing his motion he can now seek our further review. We have previously found that he did not appeal in a timely manner, and the instant appeal is no more timely.
 {¶ 10} Accordingly, the judgment of the trial court is affirmed. Further, this Court finds no reasonable grounds for this appeal; therefore, the costs will be assessed to the appellant.
It is ordered that appellee recover of appellant the costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J. and Celebrezze, Jr., J. concur.
 Appendix "I. The trial court abused its discretion in constructing acontract between the parties where the contemplated considerationdid not exist and entering judgment thereon where the decision ofthe trial court is against both the law and public policy anddemeans the integrity of the court.
 II. The trial court abused its discretion in entering judgmentagainst the appellant where the consideration agreed to by theparties failed.
 III. The trial court abused its discretion granting judgmentto appellee who knowingly falsely made an express warranty,justifiably relied upon by the appellant.
 IV. The trial court abused its discretion in failing to followsettled Ohio corporate law concerning corporate status andimplied knowledge of corporate officer.
 V. The trial court abused its discretion in failing to followthe guides of the Ohio Supreme Court regarding `equitableestoppel' allowing the appellee to be unjustly enriched from thecommission of acts prohibited by the Ohio Revised Code.
 VI. The trial court abused its discretion in interpreting thedoctrine of `res judicata' contrary to the decisions of both theOhio Supreme Court and the Eighth District Court of Appeals."