{¶ 1} On May 22, 2007, relator Erika Redling filed a complaint for mandamus against Judge Daniel Corrigan. In her petition, Redling asks this court to order Corrigan to vacate his order that dismissed with prejudice the matter of Erika Redling, Individually and as Executrix ofthe Estate of Maria Redling v. Ohio Permanente Medical Group, Inc., Cuyahoga County Court of Common Pleas, Case No. CV-399033, and to re-set the matter for trial. Thereafter, on June 13, 2007, Corrigan, thru the Cuyahoga County Prosecutor's office, filed a combined motion to dismiss and motion for summary judgment. Redling filed her brief in opposition to said motions on July 13, 2007 to which Corrigan filed a reply.
 {¶ 2} The filings indicate that on January 23, 1997, Redling, on behalf of the Estate of Marie Redling, filed an action in the Court of Common Pleas alleging wrongful death and medical malpractice. On December 30, 1998, this matter was voluntarily dismissed and re-filed on December 23, 1999. This re-filed case is the subject matter of the mandamus action currently before this court.
 {¶ 3} On May 26, 2000, the lower court set a final pretrial date of April 1, 2001 and a trial date of April 23, 2001. The court further ordered Redling to submit her expert report by August 25, 2000. Upon motion, Redling was given an additional thirty days, until September 25, 2000, to produce her expert report.
 {¶ 4} On October 24, 2000 and on November 22, 2000, upon not receiving the expert report, the defendants in the lower court matter filed motions for summary *Page 4 
judgment. Thereafter, on January 17, 2001, Redling filed a motion to extend time for ten (10) days to file the expert report. Additionally, on January 29, 2001, Redling's counsel wrote to Corrigan and defendants' counsel stating an expert report would be delivered by tomorrow. Despite the extensions of time and assurances, no expert report was ever provided.
 {¶ 5} On February 8, 2001, a pre-trial was held which neither Redling nor her counsel attended. As a result of the pre-trial, Corrigan issued the following judgment entry: "Pretrial called 2-07-01. Neither Plaintiff nor her counsel appeared. Plaintiff filed motions for numerous extensions and sent a letter to the court and opposing counsel that she would produce her medical expert report by 1-30-01. Plaintiff has failed to produce her expert report in this medical malpractice case. Case is dismissed for failure to prosecute. Final Vol. 2558 PG. 252. Notice issued. Case dismissed with prejudice. 02/08/01."
 {¶ 6} On April 18, 2001, Redling filed a motion to vacate judgment pursuant to Civ.R. 60(B) which was denied on May 9, 2001. Thereafter, June 13, 2001, Redling filed a notice of appeal, appealing both the dismissal with prejudice and the denial of the Civ.R. 60(B) motion. Consequently, because the appeals were untimely, this court dismissed Redling's appeal on July 17, 2001. No appeal to the Supreme Court of Ohio was taken.
 {¶ 7} The requisites for mandamus are well established: 1) Redling must have a clear legal right to the requested relief, 2) Corrigan must have a clear legal *Page 5 
duty to perform the requested relief, and 3) there must be no adequate remedy at law. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not be issued in doubtful cases. State ex rel Taylor v. Glasser (1977),50 Ohio St.2d 165, 364 N.E.2d 1; State ex re Shafer v. Ohio TurnpikeCommission (1953), 159 Ohio St. 581, 113 N.E.2d 14; State ex rel.Cannole v. Cleveland Bd. of Edn. (1993), 87 Ohio App.3d 43,621 N.E.2d 850.
 {¶ 8} Additionally, if a relator had an adequate remedy at law, regardless of whether it was used, relief in mandamus is precluded.State ex rel. Tran v. McGrath, 78 Ohio St.3d 45, 1997-Ohio-245,676 N.E.2d 108; State ex rel. Boardwalk Shopping Ctr, Inc. v. Court ofAppeals for Cuyahoga Cty. (1990), 56 Ohio St.3d 33, 564 N.E.2d 86;State ex rel. Provolone Pizza, LLC. v. Callahan, Cuyahoga App. No. 88626, 2006-Ohio-660; State ex rel. Grahek v. McCafferty, Cuyahoga App. No. 88614, 2006-Ohio-4741.
 {¶ 9} In this matter, we find that Redling had an adequate remedy at law. The court's order dismissing the matter with prejudice was a final appealable order on February 8, 2001. D'Agnese v. Holleran, Cuyahoga App. No. 86769, 2006-Ohio-2470. Similarly, the trial court's denial of Redling's Civ.R. 60(B) motion was a final appealable order on May 9, 2001. Duhigg, et al. v. Pace (Nov. 10, 1988), Cuyahoga App. No. 54580. After those judgment entries were issued, Redling possessed the *Page 6 
opportunity to file appeals. Her subsequent failure to timely appeal either of those judgment entries precludes us from granting her request for a writ of mandamus.
 {¶ 10} Accordingly, we grant Corrigan's motion for summary judgment. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Complaint denied.
ANN DYKE, JUDGE, FRANK D. CELEBREZZE, JR., A.J., and JAMES J. SWEENEY, J., CONCUR *Page 1