OPINION
{¶ 1} Defendant-appellant, Pacific Employers Insurance Co., appeals a decision of the Warren County Court of Common Pleas granting judgment as a matter of law in favor of plaintiff-appellee, Sherry Schaffer-Wong, in a declaratory judgment action. We reverse the decision of the trial court.
 {¶ 2} There is no dispute as to the relevant facts in this matter. Appellee was injured in an automobile accident on November 24, 1999 while driving her personal automobile to work. The tortfeasor at fault in the accident was insured, and the insurer tendered its policy limit. At the time of the accident, appellee's son and household member, Andrew Wong, was employed by National Amusements, Inc. National Amusements was insured by appellant under a business automobile policy of insurance that included uninsured/underinsured motorist coverage.
 {¶ 3} Appellee filed suit, seeking a declaration that she was an insured under National Amusement's policy of insurance. Both parties moved for summary judgment. The trial court granted judgment in favor of appellee based in part on the Ohio Supreme Court's decision in Scott-Pontzer v. Liberty Mut. Fire Ins.Co., 85 Ohio St.3d 660, 1999-Ohio-292. Appellant appeals, raising a single assignment of error in which it is alleged that the trial court erred by granting judgment in favor of appellee.
 {¶ 4} Civ.R. 56(C) provides that summary judgment shall be rendered where (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66. An appellate court conducts a de novo review of a trial court's decision granting summary judgment. Burgess v. Tackas (1998),125 Ohio App.3d 294, 296.
 {¶ 5} The trial court concluded that the insurance policy at issue was ambiguous in its definition of "who is an insured," and that under Scott-Pontzer, the policy must be interpreted as extending coverage to all of the corporation's employees. Given this conclusion, coverage would likewise extend to the family members of the insured employees. See Ezawa v. Yasuda Fire Marine Ins. Co. of Am., 86 Ohio St.3d 557, 1999-Ohio-124.
 {¶ 6} However, subsequent to the filing of the present appeal, the Supreme Court of Ohio limited the holding ofScott-Ponzter and reversed its decision in Ezawa. As relevant to the present case, the court stated:
 {¶ 7} "Where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation,unless that employee is also a named insured." Westfield Ins.Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, at paragraph three of the syllabus (emphasis added).
 {¶ 8} The insurance policy at issue in the present case does not list Andrew Wong as a named insured. We further find no language in the policy otherwise providing coverage to family members of employees under the circumstances in this case. Therefore, appellee, as a family member of Andrew Wong, is not entitled to coverage under the policy. Appellant is accordingly entitled to judgment in its favor as a matter of law. The assignment of error is sustained.
 {¶ 9} The judgment is reversed.
Judgment reversed.
Young, P.J., and Valen, J., concur.