OPINION
{¶ 1} Plaintiff-appellant, Sherry Schaffer-Wong, appeals from a Decision and Final Appealable Entry of the Warren County Common Pleas Court, granting a Motion to Vacate Judgment brought by defendant-appellee, National Union Fire Insurance Company of Pittsburgh, PA, and entering judgment in National Union's favor as to Schaffer-Wong's declaratory judgment action, after finding that National Union no longer owed Schaffer-Wong insurance coverage in light of Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849.[1]
 {¶ 2} On November 24, 1999, Schaffer-Wong was injured in an automobile accident while driving her personal automobile to work. The tortfeasor at fault in the accident was insured, and the tortfeasor's insurer tendered to Schaffer-Wong the full policy limit of $100,000, which she accepted. At the time of the accident, Schaffer-Wong was employed by Knauf USA Polystyrene, which had a commercial automobile insurance policy with American and Foreign Insurance Company ("AFIC"), and an umbrella/excess insurance policy with National Union. Also at the time of the accident, Schaffer-Wong's son and household member, Andrew Wong, was employed by National Amusements, which had a Business Automobile insurance policy with Pacific Employers Insurance Company ("PEIC"). The parties agree that Schaffer-Wong was not in the course and scope of her employment when the accident occurred, nor was she operating a "covered auto" as that term is defined in the policies.
 {¶ 3} Schaffer-Wong filed suit, seeking a declaration that she was an insured under Knauf's policies with AFIC and National Union, and National Amusement's policy with PEIC. In her Fourth Amended Complaint, she noted that the policies contained mandatory arbitration clauses and, therefore, demanded arbitration. All parties moved for summary judgment. On September 11, 2002, the trial court issued three decisions. In the first, it awarded Schaffer-Wong summary judgment against PEIC based in part on Scott-Pontzer v. Liberty Mut. Fire Insur. Co., 85 Ohio St.3d 660,1999-Ohio-292 and Ezawa v. Yasuda Fire Marine Ins. Co. of Am.,86 Ohio St.3d 557, 1999-Ohio-124. In its second decision, the trial court awarded Schaffer-Wong summary judgment against AFIC, again, based in part on Scott-Pontzer. In its third decision, the trial court awarded Schaffer-Wong summary judgment against National Union, based on its two, previous decisions. Each of the three decisions directed Schaffer-Wong's counsel "to prepare, certify and submit a Partial Summary Judgment Entry consistent with this Decision."[2]
 {¶ 4} On January 3, 2003, the trial court issued a judgment entry that stated as follows:
{¶ 5} "Judgement (sic) entry granting plaintiff's motion for summaryjudgment against defendant pacific employers insurance company anddenying pacific employers insurance company's motion for summaryjudgement against plaintiffs."
 {¶ 6} "This matter came before the Court on the Motion for Summary Judgment filed by Defendant Pacific Employers Insurance Company and on Plaintiff's Cross Motion for Summary Judgment against Pacific Employers Insurance Company. Having considered the motions and memoranda submitted by the parties, having considered all evidence properly before the Court and the Court being otherwise sufficiently advised, (sic)
 {¶ 7} "IT IS HEREBY ORDERED (sic) DECREED AND ADJUDGED, that for the reasons set forth in the Decision dated September 11, 2002:
 {¶ 8} "(1) Plaintiff's Motion for Summary Judgment against Defendant Pacific Employers Insurance Company is GRANTED.
 {¶ 9} "(2) Defendant Pacific Employers Insurance Company's Motion for Summary Judgment against Plaintiff is DENIED.
 {¶ 10} "The Court further finds that this is a final appealable order and there is no just reason for delay in accordance with Ohio Rule of Civil Procedure 54(B)."
 {¶ 11} AFIC and PEIC, but not National Union, filed notices of appeal from the trial court's January 3, 2003 judgment entry. These appeals were consolidated for purposes of review. On May 2, 2003, Schaffer-Wong moved to dismiss AFIC's appeal on the basis that the order from which AFIC appealed was not a final appealable order since it did not "dispose of all of the claims between all of the parties." Specifically, she noted that while the trial court had granted her summary judgment against all of the defendants on the coverage issue, the issue of damages still remained to be decided. She also argued that the order from which AFIC appealed — which she apparently understood to be one of the three decisions rendered by the trial court on September 11, 2002 — did not contain "the magic [Civ.R.] 54(B) language of `no just reason for delay' * * *." On July 2, 2003, this court issued an entry denying Schaffer-Wong's motion to dismiss AFIC's appeal. In support thereof, we noted that "a review of the underlying fourth amended complaint indicates that it is a complaint for declaratory judgment, and that no relief was requested with respect to damages. A declaratory judgment is a special proceeding under R.C. 2505.02
and therefore a final appealable order."[3]
 {¶ 12} While these appeals were pending, the Ohio Supreme Court, on November 5, 2003, handed down its decision in Galatis, 100 Ohio St.3d 216, which limited its holding in Scott-Pontzer, 85 Ohio St.3d 660, and overruled Ezawa, 86 Ohio St.3d 557.[4] It appears that at some point shortly before the decision in Galatis was rendered, Schaffer-Wong and AFIC arrived at a settlement because on November 13, 2003, those parties filed in this court a joint notice of dismissal of their appeal.
 {¶ 13} While PEIC's appeal to this court remained pending, National Union, on December 15, 2003, filed in the trial court a "Motion * * * To Vacate Judgment Under Civ.R. 60(B)." In support of its motion, National Union argued that in light of the recent decision in Galatis, the trial court was obligated to vacate its September 11, 2002 decision granting Schaffer-Wong summary judgment, and to grant its motion for summary judgment against her.
 {¶ 14} On April 5, 2004, this court, relying on Galatis, issued a decision reversing the trial court's judgment finding that PEIC owed Schaffer-Wong coverage under the policy issued to her son's employer. SeeSchaffer-Wong v. Knauf USA Polystyrene, Warren App. Nos. CA2003-01-010 and CA2003-01-011, 2004-Ohio-1715.
 {¶ 15} On May 4, 2004, the trial court issued a "Decision and Final Appealable Entry," granting National Union's Civ.R. 60(B) motion to vacate its prior "judgment" finding that National Union owed Schaffer-Wong insurance coverage, and entering judgment in National Union's favor on the coverage issue. In support of its ruling, the trial court noted that it had rendered a decision on September 11, 2002, finding that National Union owed Schaffer-Wong coverage under its policy with her employer, pursuant to Scott-Pontzer, 85 Ohio St.3d 660. It then found that "this [d]ecision was incorporated into a final appealable judgment" on January 3, 2003. The trial court then stated that while it was "inclined to concur" with Schaffer-Wong's argument that National Union had "passed on its opportunity" to appeal the January 3, 2003 judgment entry and, therefore, was "precluded from setting aside what is now the law of the case," it could not do so because of this court's decision inSchaffer-Wong v. Knauf USA Polystyrene, Warren App. Nos. CA2003-01-010, CA2003-01-011. The trial court found that this court, in Schaffer-Wong,
"overruled Scott-Pontzer and incorporated Westfield Ins. Co. v. Galatis,
100 O.S.3rd (sic) 216 as the law of this case." The trial court concluded that National Union was "the unwitting beneficiary of another's appeal."
 {¶ 16} Schaffer-Wong now appeals from the trial court's May 4, 2004, Decision and Final Appealable Entry, raising the following assignment of error:
 {¶ 17} "The trial court erred to the prejudice of the appellant when it granted the appellee's motion to vacate judgment."
 {¶ 18} Schaffer-Wong contends that the trial court erred by granting National Union's Motion to Vacate Judgment Under Civ.R. 60(B). In support of this contention, she argues that National Union was obligated to file a notice of appeal within 30 days of the trial court's January 3, 2003 judgment entry, and since it failed to do so, is precluded from seeking relief under Civ.R. 60(B).
 {¶ 19} The trial court agreed with the first part of Schaffer-Wong's argument, finding, without explanation, that the January 3, 2003 judgment entry was a "final appealable judgment" with respect to National Union, as well as PEIC, and, therefore, National Union was obligated to file an appeal from that judgment within 30 days. The trial court further found that it was inclined to agree with her argument that since National Union "passed on its opportunity" to appeal from the January 3, 2003 judgment entry, it was "precluded from setting aside what is now the law of the case." However, the trial court then found that this court's decision inSchaffer-Wong v. Knauf USA Polystyrene, Warren App. Nos. CA2003-01-010, CA2003-01-011, "overruled Scott-Pontzer [85 Ohio St.3d 660] and incorporated * * * Galatis [100 Ohio St.3d 216] as the law of the case." It is this latter part of the trial court's decision that Schaffer-Wong now challenges in this appeal, arguing that "the Galatis decision is not grounds for vacating the final judgment finding coverage for [her]." But before we address this argument, we must first determine whether the trial court's January 3, 2003 judgment entry was, in fact, a "final appealable judgment" as to National Union, as Schaffer-Wong contends it was, and as the trial court found it to be. For the reasons that follow, we conclude that the January 3, 2003 judgment entry was not a final appealable order or judgment as to National Union and, therefore, National Union was not obligated to file a notice of appeal from it within 30 days of that entry.
 {¶ 20} App.R. 3(A) states, in pertinent part, that "[a]n appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by [App.R.] 4." App.R. 4(A) states, in pertinent part, "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of * * * the judgment or order appealed[.]" The time requirements for filing an appeal or cross-appeal pursuant to App.R. 4(A) are mandatory and jurisdictional. See Painter and Dennis, Ohio Appellate Practice (2005 Ed.) 65, Section 3:4, citing Kaplysh v.Takieddine (1988), 35 Ohio St.3d 170. Failure to file the notice of appeal in a timely manner is fatal to the appeal. See Painter and Dennis at 66, Section 3:4, citing, among other cases, Ditmars v. Ditmars
(1984), 16 Ohio App.3d 174. Indeed, failure to appeal from a judgment or order in a timely manner deprives the appellate court of subject matter jurisdiction to rule on the appeal. See Ditmars,16 Ohio App.3d at 176.
 {¶ 21} In this case, the trial court issued a decision on September 11, 2002, finding that National Union owed Schaffer-Wong underinsured motorist ("UIM") coverage. Both the trial court and Schaffer-Wong have tacitly — and correctly — acknowledged that National Union was not required to file a notice of appeal within 30 days of the issuance of that decision, because a decision merely announces what the judgment will be, whereas it is the judgment entry that unequivocally orders the relief. Harkai v. Scherba Industries, Inc. (2000), 136 Ohio App.3d 211,216, citing St. Vincent Charity Hosp. v. Mintz (1987), 33 Ohio St.3d 121,123.
 {¶ 22} Nevertheless, Schaffer-Wong asserts, and the trial court agreed, that the January 3, 2003 judgment entry was a final appealable judgment as to National Union, as well as PEIC and AFIC. We disagree with this assertion. We have reproduced the January 3, 2003 judgment entry in our description above of the facts and procedural history of this case. As can be seen from a review thereof, the January 3, 2003 judgment entry refers only to PEIC; nowhere is National Union mentioned in that judgment entry.
 {¶ 23} Recognizing this, Schaffer-Wong has argued that the trial court's September 11, 2002 decision finding that National Union was obligated to provide her with UIM coverage, "when combined with" its January 3, 2003 judgment entry, constituted "a final appealable order" from which National Union was obligated to bring its notice of appeal within 30 days of entry of that judgment. We disagree with this argument as well. Even when the September 11, 2002 decision is considered in conjunction with the January 3, 2003 judgment entry, it still does not show that the January 3, 2003 judgment entry was a final appealable order as to National Union. The September 11, 2002 decision finding that National Union owed Schaffer-Wong UIM coverage, like the two other decisions issued that day finding that PEIC and AFIC owed Schaffer-Wong insurance coverage, expressly directed Schaffer-Wong's counsel "to prepare, certify and submit a Partial Summary Judgment Entry consistent with this Decision." Schaffer-Wong's counsel apparently submitted a judgment entry with respect to PEIC, and the trial court, on January 3, 2003, issued a judgment entry as to PEIC. However, the trial court never issued a judgment entry with respect to National Union.
 {¶ 24} Schaffer-Wong asserts that this court has found that the January 3, 2003 judgment entry was a final appealable order as to all of the defendant insurers in the underlying declaratory judgment action, including National Union, as well as AFIC and PEIC. In support of this assertion, she points to our July 2, 2003 Entry Denying Motion to Dismiss Appeal, which was filed during the appellate proceedings in Schaffer-Wongv. Knauf USA Polystyrene, Warren App. Nos. CA2003-01-010, CA2003-01-011. But Schaffer-Wong's reliance on that entry is misplaced. The only defendants involved in that appeal were AFIC and PEIC. National Union, by contrast, was not involved in that appeal; consequently, any decision that we issued in that case did not involve National Union.[5]
 {¶ 25} In light of the foregoing, National Union was not obligated to file a notice of appeal within 30 days of the January 3, 2003 judgment entry since that judgment entry was not a final appealable order or judgment as to National Union, but rather, only to PEIC. Therefore, there was no judgment against National Union for the trial court to vacate. What the trial court should have done in this case is to treat National Union's Motion to Vacate Judgment, as a motion for reconsideration of its September 11, 2002 decision granting Schaffer-Wong summary judgment.[6]
The trial court should have granted that motion for reconsideration, vacated its September 11, 2002 decision granting summary judgment to Schaffer-Wong, and then entered judgment for National Union pursuant toWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216. See, generally,Hopkins v. Dyer, 104 Ohio St.3d 461, 466, 2004-Ohio-6769 (holding thatGalatis, 100 Ohio St.3d 216, was an intervening decision that created an exception to law-of-the-case doctrine, which appellate court was obligated to follow). This is, in fact, the judgment that the trial court rendered in its May 4, 2004 Decision and Final Appealable Entry, yet we have arrived at our conclusion that that judgment was correct for substantially different reasons than those cited by the trial court in support of its decision. It is well-settled that a reviewing court "is not authorized to reverse a correct judgment merely because erroneous reasons have been assigned as a basis thereof." State ex rel. Cassels v.Dayton City School Dist. Bd. of Edn., 69 Ohio St.3d 217, 222, 1994-Ohio-92. Accordingly, we will affirm the trial court's judgment in this case, although we do so on substantially different grounds. Schaffer-Wong's sole assignment of error is overruled.
 {¶ 26} Judgment affirmed on different grounds.
Walsh and Valen, JJ., concur.
[1] We have sua sponte removed this case from the accelerated calendar.
[2] Still remaining to be decided at this stage of the proceedings was Schaffer-Wong's arbitration demand and the issue of damages.
[3] Shaffer-Wong filed another motion to dismiss the appeals of AFIC and PEIC on the basis that they were untimely. On August 29, 2003, this court denied that motion.
[4] {¶ a} Paragraphs three and four of the syllabus in Galatis,100 Ohio St.3d 216, state as follows:
{¶ b} "2. Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. (King v. Nationwide Ins. Co. [1988], 35 Ohio St.3d 208,519 N.E.2d 1380, applied; Scott-Pontzer v. Liberty Mut. Fire Ins. Co.
[1999], 85 Ohio St.3d 660, 710 N.E.2d 1116, limited.)
{¶ c} "3. Where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured. (Ezawa v. Yasuda Fire Marine Ins. Co. of Am. [1999],86 Ohio St.3d 557, 715 N.E.2d 1142, overruled.)"
[5] Furthermore, our July 2, 2003 entry dealt with Schaffer-Wong's motion to dismiss AFIC's appeal for lack of a final appealable order on the grounds that the order from which AFIC appealed left the issue of damages undecided and did not contain a Civ.R. 54(B) certification that there was "no just reason for delay." As previously indicated, we rejected that argument on the basis that "[a] declaratory judgment is a special proceeding under R.C. 2505.02 and therefore a final appealable order." In retrospect, it appears to us that this court, arguably, should have sustained Schaffer-Wong's motion to dismiss AFIC's appeal for lack of a final appealable order on the grounds that, as in this case with National Union, the trial court never issued a final appealable order as to AFIC, as it did with respect to PEIC. However, this point is now moot, because AFIC and Schaffer-Wong dismissed their appeal after entering into an undisclosed settlement agreement. Moreover, the only party that could have been prejudiced by our possibly erroneous ruling regarding the July 2, 2003 entry was AFIC, which chose to settle with Schaffer-Wong, rather than appeal our ruling. Consequently, our July 2, 2003 entry denying Schaffer-Wong's motion to dismiss AFIC's appeal for lack of a final appealable order provides no assistance to Schaffer-Wong in this appeal.
[6] In this same regard, we note that National Union improperly labeled its motion as a Motion to Vacate Judgment, when it should have labeled it as a motion for reconsideration. Nevertheless, National Union made it clear to the trial court that it was seeking to have it vacate its September 11, 2002 decision. National Union also argued in the trial court that it was not obligated to appeal from the trial court's September 11, 2002 decision and that the January 3, 2003 judgment entry was directed only against PEIC and not them. Thus, the trial court was placed in the proper position to make the right call in this case; it failed to do so.